## STATE MUT. LIFE INS. CO. v. ROSENBERRY et al. (No. 7273.)†

(Court of Civil Appeals of Texas. Dallas. March 13, 1915. Rehearing Denied April 17, 1915.)

1. INSURANCE ☞400—LIFE INSURANCE—REINSTATEMENT OF POLICY—REVIVER OF CONTEST CLAUSE.

Where a life insurance policy is issued providing that it shall not be contestable after one year, and, after lapsing for nonpayment of premiums, is revived in accordance with its provisions, the contest clause is also revived, and the company is not barred from contesting the policy within one year after the revival, although several years have elapsed since the first issuance of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. ☞400.]

2. INSURANCE ☞393—LIFE INSURANCE—ASSIGNMENT OF POLICY—ESTOPPEL OF INSURER.

Under Rev. St. 1911, art. 4953, providing that every policy of insurance issued after the 1st day of January, 1910, shall contain the entire contract between the parties, where a life insurance policy was issued in the year 1908, with the provision that it should be incontestable after one year, and, having lapsed for nonpayment of premiums, was assigned by the insured to the plaintiffs, to secure his debt, and subsequently, after January 1, 1910, was revived in accordance with its provisions, the insurer having knowledge of the assignment, there being nothing said in the renewed policy that it was a renewal and no mention being made of any circumstance that made it subject to forfeiture, the insurer was estopped to contest payment of such policy to the assignees on the ground that in applying for its renewal the insured had made certain material false statements as to his condition of health, although the insurer had no knowledge of the falsity of the statements previous to the renewal, since the insurer's assent to an assignment creates a new contract between it and the assignee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1039; Dec. Dig. ☞393.]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action by Charles M. Rosenberry and others against the State Mutual Life Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Seay & Seay, of Dallas, Harris & Britton, of Quitman, and Maddox & Doyal, of Rome, Ga., for appellant. J. H. Beavers and R. B. Howell, both of Winnsboro, for appellees.

RAINEY, C. J. This suit was brought by Charles M. Rosenberry, brother and beneficiary, Woody Rhone, assignee in the policy against appellant, on a policy issued by the appellant on January 15, 1908, to Elmer E. Rosenberry, for the sum of $10,000. Appellees alleged that said Charles M. Rosenberry was a brother of the deceased and beneficiary, and that the said Elmer E. Rosen-

berry was indebted to the said Charles M. Rosenberry and the said Woody Rhone in the sum of several thousand dollars, and that said policy was made payable to the said Charles M. Rosenberry as beneficiary, and to the said Woody Rhone as assignee, to the extent of said Rhone's indebtedness. They allege that Elmer E. Rosenberry died on the 1st day of July, A. D. 1913, and had in all respects complied with all the provisions and conditions of said policy; that on the 5th day of August, 1913, they gave to the appellant due notice and proof of the death of said Elmer E. Rosenberry and demanded of the appellant said sum of $10,000. The appellant answers by saying that on the 4th day of November, 1912, Elmer E. Rosenberry made application to reinstate the policy in question, which said policy had been previously lapsed by said Elmer E. Rosenberry; that in said application he answered certain questions, in substance, that he had consulted Dr. J. O. McReynolds for trouble in his eyes; that he had not been examined since date of former policy for life insurance, without a policy having been issued as applied for, or reinstated; that he was in sound health and that he had not been recently exposed to consumption; that in regard to the answers to said questions in said application contained, there was the following warranty signed and executed by the said Elmer E. Rosenberry:

"I warrant on behalf of myself and of any person who shall have or claim any interest in said policy each of the above answers to be full, complete and true, and I agree that they shall with the following agreement be taken as a basis of reinstatement of the above policy on my life; which policy by nonpayment of premium due on January 13th, 1912, is not now in force, except as provided by the nonforfeiture conditions of said policy.

"I further agree that said policy shall not be considered reinstated by reason of the collection of any check or order, or the use of any cash paid, or note given in settlement for or on account of said premiums until this certificate shall be approved by the proper officer at the home office; it being understood that in the event this application for reinstatement is not approved by the proper officer of the company at the home office, the company shall refund to me any payment or settlement made on account of said premium. I further agree that the acceptance of this certificate and the reinstatement of said policy shall not be taken as a precedent for future similar action on the part of the company.

"[Signed] E. E. Rosenberry."

Dated at Syracuse, Kan., the 4th day of November, 1912. Post office address given as Dallas, Tex.

Appellant further answered that the answers were untrue, that he had been ill, had consulted a physician, had been examined for life insurance without a policy having been issued, and was not, at the time of the execution of the application for reinstatement in sound health, but was afflicted and suffering with tuberculosis of the throat; that on October 2, 1913, appellant had first discovered said answers were untrue, and that it would defend on that ground; that said answers were untrue and material to the risk, and had it known they were false at the time, it would not have reinstated the deceased.

"By a supplemental petition appellee denied upon information and belief that said policy had been lapsed, as alleged, and that they did not either admit or deny that said Elmer E. Rosenberry made application for reinstatement in the defendant company, did not admit or deny the allegations as to the appellant having discovered the falsity of the answers to the questions on the 17th day of September, and that the said answers were not full, complete, and true, and would neither admit nor deny that said Elmer E. Rosenberry had been ill and consulted a physician, and had been examined for life insurance without a policy having been issued, or reinstated, or that said Elmer E. Rosenberry was not in sound health, or afflicted with tuberculosis, or tubercular laryngitis and enteritis, or that said matters were material to the risk or contributed to the contingency upon which the policy became due. They admit that they were served with the notice of contest, as alleged, on October 2, 1913. They did not admit the truth of the contents of said notice. They neither admit nor deny that the matters and things misrepresented were material to the risk, or that the company would not have reinstated said policy had the questions been fully, completely, and truthfully answered. They further pleaded that if said policy of insurance had lapsed or become forfeited, appellant by its acts, words, and conduct waived the forfeiture and lapsing thereof, if it had lapsed, and that it was estopped to claim a forfeiture or lapse of said policy, alleging that if there was such a lapse or forfeiture, the appellant knew thereof, and with such knowledge and information the appellant by its words, acts, and conduct and negotiations recognized and held out to appellees, and more especially to appellee Charles M. Rosenberry, that said policy of insurance was not forfeited, or lapsed, and was a valid and subsisting obligation by said defendant company placing on the back thereof the following indorsement: 'October 26, 1912. The beneficiary in this policy is by virtue of a written notice from the insured changed to Charles M. Rosenberry, brother of the insured. John W. Maddox, President.'

"Appellees further allege that on the 8th day of January, A. D. 1913, the appellant by indorsement on the policy accepted notice of the assignment of said policy to the appellee Woody Rhone, and by said indorsement appellant thereby consented to said assignment of said policy. That by such negotiations with these appellees in regard thereto, and by the terms of the policy which provided a change of beneficiary during the continuance of the policy, appellant held out said policy as valid and subsisting, and held out to these appellees that it waived any default, if any, that may have been made by the prior beneficiary, Elmer E. Rosenberry, and accepted thereafter the sum of $556 from said appellee, or one of them, in payment of premium.

"Appellees further allege that, relying on said acts, words, and conduct of the appellant, and the fact that it did not and would not insist on the forfeiture clause of said policy, or the lapsing thereof, and relying on the conduct of the appellant that if the policy had lapsed it had been waived, the appellees became the equitable and legal holders of said policy after the 26th day of October, A. D. 1912, and accepted the same as innocent and bona fide holders for value as security for the amount owing and due them by said Elmer E. Rosenberry in excess of the face of said policy.

"They further allege that if any application for reinstatement was made by Elmer E. Rosen-

berry on the 4th day of November, A. D. 1912, or any health certificate furnished by him at that time, the same was for the change of beneficiary to the appellee Charles M. Rosenberry, and that said application and said health certificate and attempted reinstatement, as alleged, by reason of the terms of said insurance, and by the words, acts, and conduct of appellant, were wholly unnecessary and not essential to the validity of said policy, and were wholly void, and ought not, and could not, have been required of said Elmer E. Rosenberry, or these appellees; that a reinstatement under the terms of the policy could not be valid unless and in the event only that said policy was lapsed or forfeited, and that as to these appellees, more especially the appellant had waived any lapse or forfeiture of said policy, if there had been any.

"They further allege that said reinstatement could not affect the previously acquired rights of the appellees; that neither of them were consulted or had any notice of the same, but were led to believe that said appellant did not consider said policy lapsed, or that it required, or would require, a reinstatement; that the said Charles M. Rosenberry had been made beneficiary and become possessed of the vested rights of said policy before said reinstatement was shown to have been made; and that said reinstatement could not affect their rights.

"They further alleged that said policy provided that it should be incontestable after being in force one year, and that it had been in force more than one year from its date.

"They further alleged that if there had been a default in the payment of premiums, the extended insurance and loan value as provided in the table for extended insurance and loan values shown in said policy would have kept said policy alive for a period of time beyond the death of said Elmer E. Rosenberry."

Appellant by supplemental answer excepted to appellee's supplemental petition: (1) That the acts of appellant alleged did not constitute a waiver of the forfeiture of the policy; (2) that the allegation that appellees are innocent bona fide holders for value as a life policy is not a negotiable instrument, and as to assignee Rhone he would be limited to the amount of his insurable interest in the life of deceased; (3) that neither the policy nor the law requires that a beneficiary or an assignee be notified of the lapsing of a policy for a failure to pay the premium; (4) that the allegations as to the incontestable clause, and to the clause extending the insurance and loan value, "as provided in the table for extended insurance and loan values shown in said policy, would have kept the said policy alive and in force for a period of time beyond the death of the said Elmer E. Rosenbery," because of the indefinite statements—and further answered, denying that the acts and conduct alleged constituted a waiver; that the date of the indorsement, October 26, 1912, was not the correct date, but that the change was made after November 6, 1912; that the application to make said change was made October 26, 1912, and the same was dated back for clerical convenience so as to make the dates of the application and of the change coincide; that the insured could, by the terms of the policy, have the change made as to the beneficiary, but such change could not take effect until indorsed on the policy by the company; that said change never took effect until after the reinstatement; that the forfeiture was caused by the failure to pay the premium, and that under the attempted reinstatement the policy had not been in force a year; that as the said premium fell due, the insured was due the company $670, and by said agreement to reinstate the loan was increased to $910, and that by reason thereof was not continued in force by its own earnings; that by the terms of said policy the company could deduct said indebtedness, and asked that this be done in the event it was held liable. Appellee replied that appellant was estopped from denying that the change was made at a different date than October 26, 1912, and, further, that if the appellant dated said indorsement back to October 26, A. D. 1912, when in fact it was made after that date, and after the reinstatement, then by so doing it waived the reinstatement, and waived the forfeiture of the policy, and that it held out to these appellees that it had intended to treat the policy as alive on the 26th day of October, A. D. 1912, and after the alleged nonpayment of the premium. The case was tried before the court without a jury, and judgment rendered for appellees after deducting the $910 as follows: For Charles M. Rosenberry $5,953.60; and Woody Rhone $3,556.40—from which this appeal is taken.

In the year 1908 appellant issued a policy insuring the life of E. E. Rosenberry for $10,000. The policy contained a clause to the effect that it was incontestable after 12 months. The premiums for each year were paid until January 15, 1912. The matter thus stood until November 4, 1912, when E. E. Rosenberry made application for reinstatement, in which application, in answer to questions asked by the company, said Rosenberry replied that he had not been in ill health since the issuance of the policy. To the question, "Have you consulted a physician since date of above policy? If so, whom, for what, and when?" he answered: "Yes. Dr. J. O. McReynolds; examination of eye." To the question, "Have you, since date of above policy, been examined for life insurance without a policy having been issued as applied for, or reinstated?" he answered, "No." To the question, "Are you now in sound health?" he answered, "Yes." He warranted said answers to be full and correct. His answer to the question as to whether he had been examined for life insurance without a policy having been issued was untrue, as he had been so examined and no policy issued. Whether or not he was in sound health at the date of the application for reinstatement the evidence conflicted, and in support of the judgment we find that his health was sound. On October 26, 1912, E. E. Rosenberry wrote to appellant company that he had changed the beneficiary in accordance with the beneficiary

clause of the policy from his estate to Charles M. Rosenberry, his brother, and this change was indorsed on the policy as of date October 26, 1912. Appellant's witness testified that said indorsement was placed on the policy on the 19th day of December, 1912, and October 12, 1912, was written for clerical convenience to show the date of the application. On the 6th day of November, 1912, said policy was assigned to Woody Rhone by E. E. and Charles M. Rosenberry, to secure him in any indebtedness owing by E. E. Rosenberry. A duplicate of this assignment was furnished the appellant and retained by it. Neither Charles M. Rosenberry nor Woody Rhone, at the time of the change of beneficiaries, nor at the time of the assignment of said policy, knew anything of the forfeiture of the policy, or of the incorrect answers made by E. E. Rosenberry. Neither did appellant know of the incorrect answers made by E. E. Rosenberry until September 17, 1913, which was after E. E. Rosenberry had died on July 1, 1913. When appellant discovered the fact of the incorrect answers in September, 1913, it immediately notified appellees that it would not pay for that reason, but would contest payment.

Appellant presents only one assignment of error, the substance of which is embraced in two propositions, as follows:

"Where a policy of insurance issued in January, A. D. 1908, was lapsed by the failure to pay the premium due on July 15, A. D. 1912, and an application for the reinstatement of the same was made on November 6, A. D. 1912, in which the applicant's answers stated that he was in sound health at the time, and that he had not made application for life insurance, or an application to reinstate a policy without said application for reinstatement, or issuance of policy being granted, since the date of the issuance of the policy in question, and the evidence disclosed that in truth and in fact during said time the defendant had made application to another life insurance company, had been rejected, and that he was not in good health, but was suffering from tuberculosis at the time and died as a result of the same in July, 1913, and where the evidence further disclosed that the insurance company, within the statutory time after discovering the falsity of said answers to said questions, notified the claimants that said policy would be contested upon the grounds indicated, and properly served said notice, a judgment should be rendered for the insurance company where the truth of said answers to said questions were warranted to be true by the applicant and were used as a basis by the company to reinstate the same.

"(2) Where a policy provides, 'This policy shall be incontestable after it has been in force for one year,' and such policy has been lapsed as the result of the failure to pay the premium, the time within which to contest the same begins to run from the date of its reinstatement, or attempted reinstatement, and if the insured died within less than a year from the date of said purported or attempted reinstatement, the defendant would not be prohibited from contesting said policy, especially upon the grounds that the application for reinstatement contained answers to questions propounded to the assured that were false and untrue, and under such circumstances judgment should have been rendered for the appellant."

[1] The deceased, Rosenberry, having answered incorrectly, as shown above, to questions propounded by appellant, and upon which answers the reinstatement of the policy was based, would be sufficient to avoid the policy, notwithstanding the incontestable clause in the policy, for we are of the opinion that the incontestable clause was revivified by the reinstatement and did not bar the appellant from contesting the right of recovery for acts of the deceased in procuring a reinstatement of the policy, one year not having elapsed after said reinstatement.

[2] However, we regard the foregoing as immaterial to a decision of this case, notwithstanding the false answers, for we think the appellant is estopped from urging said matters as a defense by reason of the assignment of the policy to secure an indebtedness. When an insurance company issues a policy and thereafter consents to its assignment, a new contract is thereby created, and the assignee takes free from all vitiating circumstances of which he is innocent, and the company is estopped from denying its validity, though ignorant of any vice that would forfeit the policy, before its issuance. Ellis v. Insurance Co. (C. C.) 32 Fed. 646.

The policy in controversy was dated in the year 1908, and purports to have been issued at that time, and is identical with the original. Appellant claims it is a renewal of the original policy, but there is nothing written thereon or attached thereto showing it to be a renewal of the original (R. S. art. 4953), and the beneficiary and assignee did not know anything of the renewal, nor of any circumstance that made it subject to forfeiture. The assignment was made about the time of renewal, as claimed by appellant, and the renewal was made by the appellant with the knowledge of the assignment. Therefore the appellant is estopped from interposing any defense of any act not committed by the assignee, or of which he was ignorant at the time of the assignment of the policy. On the question of estoppel in the case of Ellis v. Ins. Co., supra, Mr. Justice Brewer, speaking for the court, said:

"There may be estoppel without knowledge. Suppose the insurance company had given a contract to pay a certain sum of money, a nonnegotiable contract, and the party holding that contract had transferred it, assigned it to this plaintiff, and prior to such assignment the plaintiff had gone to the insurance company, and asked if that contract was in force, and the full amount due thereon, and he was told that it was; he could recover the full amount of that contract, although unknown to the insurance company, and before the transfer and assignment, the assignor, having collections, which he was authorized thus to use, collected money belonging to the insurance company, and applied it upon that debt. There would be an estoppel by reason of its statement that the full amount was due on that contract, which had misled the purchaser, and yet a statement made in ignorance of the real facts. This consent

to the assignment, though not in terms a like statement, yet, dealing with things in a practical way, must be construed to have a similar effect, and as a statement by the insurance company that it recognized that policy as a valid instrument. Surely it would be unjust to think that the insurance company put itself into the position of assenting to the transfer of a policy which had no validity, going through the form of consenting to that which had no legal existence and was worthless. These considerations, although we concede that the question is one of not perfect transparency, lead us to the conclusion that this assignment must be taken, in the language of the text-books and the authorities, to create a new contract between the assignee and the insurance company; a new contract embracing, as of present writing, the same terms and stipulations as were embraced in the contract originally written between the assignor and insured. This being the case, these prior incumbrances did not vitiate this policy, and the motion for a new trial must be overruled."

We think the principle announced in the foregoing opinion is in point and applies to this case.

The judgment is affirmed