# CASES

---

Old Colony Life Insurance Company, Appellant, v. Helen L. Graves, Appellee.

Gen. No. 5,921. (Not to be reported in full.)

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed September 13, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Old Colony Life Insurance Company, complainant, against Helen L. Graves, defendant, to vacate and set aside a judgment recovered by defendant against the Cosmopolitan Life Insurance Association for the sum of $1,605.25 and costs of suit, and to restrain the defendant from prosecuting a suit commenced by her against the complainant to enforce payment of the judgment recovered against said Cosmopolitan Life Insurance Association, and a cross-bill seeking affirmative relief. From a judgment for defendant, complainant appeals.

The Old Colony Life Insurance Company was a domestic corporation, doing business as an old-line reserve insurance company; and the Cosmopolitan

Life Insurance Association, on and prior to September 9, 1909, was a corporation existing under the laws of this State, and doing insurance business on the assessment plan. The Cosmopolitan Association had prior to July 1, 1901, been known by the name of the Knights of the Globe Mutual Benefit Association. On September 9, 1909, the complainant entered into an agreement with the Cosmopolitan Life Insurance Association by which the Old Colony Company promised, in consideration of receiving all the assets of the Cosmopolitan Association, to assume all the liabilities of the Cosmopolitan Association then existing, and which might exist, on and after the date of the agreement.

The defendant recovered the judgment mentioned against the Cosmopolitan Life Insurance Association, for the amount claimed to be due her upon the certificate of membership issued to defendant's husband, Frank E. Graves, by the Knights of the Globe Mutual Benefit Association, the predecessor of said Cosmopolitan Association.

BOTSFORD & MCCARTHY, for appellant.

DE GOY B. ELLIS, for appellee; IRVING M. WESTERN and JEFF MCCARN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 768*—*when member of mutual benefit association not bound by by-laws increasing assessments.* Where a certificate of insurance issued by a mutual benefit association provides that the application, together with the certificate and by-laws of the association, shall constitute the contract of insurance, and such certificate provides that the insured shall be liable for assessments according to the table in the by-laws, the rate of assessment for which he is liable is the rate existing at the time he became a member, and it cannot be increased under new by-laws made by a successor to the society.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Old Colony Life Ins. Co. v. Graves, 200 Ill. App. 71.

2. INSURANCE, § 783*—*when forfeiture for nonpayment of assessments not declared.* Forfeiture of a certificate of mutual benefit insurance for nonpayment of assessments will not be declared where the member alleged to be in default is not notified in the precise manner specified by the by-laws of the order.

3. INSURANCE, § 245*—*how forfeitures of insurance policies regarded in law.* Forfeitures of insurance policies are not favored in law.

4. INSURANCE, § 782*—*when right of forfeiture for nonpayment of assessments does not exist.* An insurance policy issued by a mutual benefit association may not be forfeited for nonpayment of assessments when the insured sent a sum which was sufficient to cover the assessments due if the rate had not been illegally increased in violation of his contract.

5. INSURANCE, § 799*—*when beneficiary not estopped to deny forfeiture of policy for nonpayment of assessments.* A beneficiary is not estopped to deny the forfeiture of a policy by the nonpayment of assessments because the insured signed a false reinstatement health certificate, when the insured was not in default, and the insurer had no right to exact such a certificate.

6. INSURANCE, § 904*—*when evidence sufficient to show intention of insured not to make warranties as to his health.* Where an insured, making application for reinstatement after alleged default by nonpayment of assessments, writes across the printed words containing the warranties the words "miscarriage of notice of assessment," he must be deemed to have not intended to make any statement concerning the warranties but, on the contrary, to have expected his reinstatement to be based upon the supposed miscarriage of a notice of assessment to him.

7. INSURANCE, § 852*—*when evidence sufficient to show procurement of release by fraudulent statements of agent.* In an action on an insurance policy, evidence *held* sufficient to establish that a release which was obtained from the beneficiary, the wife of insured, was obtained as a result of fraudulent representations.

8. INSURANCE, § 852*—*when release of insurance company from liability invalid.* A release from liability which is procured by an agent of the insurer from the beneficiary, the wife of the insured, while the latter is in a serious mental and physical condition following the death of the husband, as the result of fraudulent representations as to the making of false statements by the insured in an application for reinstatement, and as to the right of recovery, is invalid.

9. INSURANCE, § 862*—*who is agent of insurance company for purposes of service of process.* A representative of an insurance company who has authority to take applications for membership in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an insurance corporation, to collect dues and to remit them to the company, to prepare proofs of death and take charge of them for the company, and upon receiving drafts in return to pay death claims to the beneficiaries and obtain releases, must be deemed an agent upon whom process may be served.

10.  EVIDENCE, § 39*—*when presumed that process sent through mails received.* It must be presumed that an insurance company received a copy of summons served on its agent which was mailed by him in the due course of the mails.

11.  PROCESS, § 78*—*what constitutes laches in failing to question legality of service of summons.* The failure of an insurance company during a period of six months while a suit at law was pending to question the legality of the service of summons on one alleged not to be an agent constitutes laches, which is a bar to equitable relief in action to vacate judgment.

12.  JUDGMENT, § 286*—*when equity will not set aside judgment at law for want of proper service of process.* A court of equity will not lend its aid to set aside a judgment at law for want of proper service of process unless it appears that there is a meritorious defense to the judgment or to the claim upon which the judgment is founded.

13.  EQUITY, § 189*—*when cross-bill seeking affirmative relief proper in action by insurance company to set aside judgment on insurance policy.* In an action in equity by an insurance company to vacate and set aside a judgment at law recovered by the beneficiary in an action at law on an insurance certificate against the company, to whose business complainant was successor, and to restrain the enforcement of such judgment, *held* that it was proper for defendant to file a cross-bill asking for affirmative relief and seeking a decree to compel complainant to pay the amount alleged to be due on the insurance certificate.

14.  EQUITY, § 23*—*when jurisdiction may be exercised to adjudicate all rights of parties.* Where a court of equity has jurisdiction of the parties and the subject-matter of the litigation, it has authority, for the purpose of administering equitable relief, to adjudicate all the rights of the parties which are involved in the litigation.

15.  EQUITY, § 23*—*when decree requiring insurance company to pay assumed indebtedness proper.* Where an insurance company has assumed all the obligations of its predecessor, a decree is proper upon a cross-bill seeking affirmative relief filed in an action by the company to set aside a judgment secured against such predecessor, requiring the complainant to pay such judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*