## MODERN ORDER OF PRAETORIANS v. KENNEDY.

No. 7500—Opinion Filed May 23, 1916.
Rehearing Denied June 20, 1916.

(157 Pac. 926.)

### Insurance—Mutual Benefit Insurance—Warranties.

Where a member of a benefit society whose death benefit certificate issued by such society had lapsed for failure to promptly pay an assessment applied in writing for the reinstatement thereof, and neither the constitution nor by-laws of the order required such form of application, **held,** that the society was without power to impose the making of a formal written application as a condition precedent to the reinstatement of such member, and that in an action by the beneficiary named therein to recover on such certificate, the statements contained in such application were not binding upon such beneficiary as warranties or otherwise.

(Syllabus by Bleakmore, C.)

Error from District Court, Atoka County; Robt. M. Rainey, Judge.

Action by James J. Kennedy against the Modern Order of Praetorians, a corporation.

Judgment for plaintiff, and defendant brings error. Affirmed.

J. G. Ralls, for plaintiff in error.

J. H. Gernert and J. M. Willis, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Atoka county by James J. Kennedy, as plaintiff, seeking to recover against the Modern Order of Praetorians on a death benefit certificate. By the petition it is alleged that defendant is a secret fraternal and beneficial order; that on October 21, 1903, it issued to John W. Kennedy, a member thereof, a benefit certificate in the sum of $2,000, payable upon his death to the plaintiff; that John W. Kennedy died on February 11, 1912, a member of said order in good standing, having paid all dues and assessments imposed upon him by its constitution and by-laws up to and including December 31, 1912.

Defendant answered, denying the material allegations of the petition, admitting the issuance and delivery of the certificate, the death of the assured, and requisite proof thereof; but denying that John W. Kennedy had paid his dues as required by the constitution and by-laws of the order, and alleging that on the 1st day of July, 1911, there became due and payable by the said John W. Kennedy upon said beneficiary certificate the sum of $14.47, and that said John W. Kennedy thereafter failed and refused to pay any part of said sum for a period of 20 days, and by reason thereof, said beneficiary certificate lapsed and became null and void, and this defendant says that under and by virtue of section 2, article 20, of the constitution of this defendant, it is provided:

"Section 2. All dues shall be payable each month on or before the first day thereof, and must be paid not later than the 12th."

And this defendant says that said provision was binding upon said John W. Kennedy, and the plaintiff herein, and that the failure to pay said dues not later than the 12th day of July, 1911, caused said beneficiary certificate to lapse and become void; that after the certificate became null and void, John W. Kennedy, in order to reinstate the same, executed and delivered to the defendant his written application for reinstatement, attaching a copy of the application for reinstatement, making it a part of the answer, and marking it Exhibit B, charging that the application for reinstatement was false in that said John W. Kennedy warranted that he had not suffered from any sickness, disease, or personal injury since his original application, and further warranted that he had not been visited

or prescribed for by any physician since said original application, on account of any illness, injury, or disability, and further warranted that he had not violated any of the terms of the constitution of said order or conditions of said certificate, and further charging that the acceptance of said application for reinstatement or any subsequent payment of dues should not reinstate said certificate or renew his membership in said order if any one of the warranties contained in said application for reinstatement was not in each and all particulars true, and further charging that said John W. Kennedy made said application for reinstatement, and that the same was false and known to be false by the said John W. Kennedy at the time he executed the same, and was false in the following respects:

"(a) Said John W. Kennedy, subsequent to the issuance of beneficiary certificate and prior to the date of his application for reinstatement, had suffered from sickness and disease, and had been visited, and prescribed for by a physician on account of disease, illness, injury, and disability.

"(b) Said John W. Kennedy had violated many of the terms and provisions of the constitution of said order, a copy of which constitution is hereto attached, marked Exhibit C and made a part hereof."

There was trial to a jury, resulting in judgment for plaintiff.

It was established by the evidence that said John W. Kennedy died on February 11. 1912, from "pernicious malaria." It was stipulated by the parties:

"That John W. Kennedy, now deceased, who was a member of Stringtown Council No. 224, Modern Order of Praetorians, and who held beneficiary certificate No. 5566 for $2,000, had paid all dues and assessments on said certificate up to and including December 1, 1912."

There was introduced in evidence the following written application of the assured for reinstatement:

"To the Supreme Senate Modern Order of Praetorians: My benefit certificate No. 5566 in Modern Order of Praetorians has lapsed for non-payment of dues thereon due, July 1st, 1911. The full amount thereof I tender herewith, to wit: $14.47, and apply for reinstatement on the following terms and conditions: I hereby warrant that I have not suffered from any sickness, disease or personal injury since my original application (except as stated on blank lines below and from which I have fully recovered), and have not, except as herein stated, been visited by or prescribed for by any physician since said original application on account of any illness, injury or other disability and that I

have not violated any of the terms of the constitution of said order or conditions of said certificate. I hereby agree that the acceptance of this or any other subsequent payment shall not reinstate said certificate or renew my membership in said order if the warranties herein contained are not in each and all particulars true. This application is hereby made a part of the benefit certificate above referred to. (State any sickness, disease or personal injury which you have had and final results.)

"[Signed] John W. Kennedy.

"Witness: D. S. Kennedy.

"Dated July 20, 1911. Town, Stringtown; State, Oklahoma."

It was also shown that subsequent to November 6, 1903, the date of the issuance of the certificate declared on, and prior to July 20, 1911, assured had suffered dislocation of his shoulder; that on occasions during said time he had been intoxicated, and had also been attended by physicians who prescribed or administered remedies for disease with which he was afflicted. There was no evidence, however, tending to establish the fact that he was not in good health in the month of July, 1911.

The constitution of the defendant order provides:

"Article 25, Sec. 1. This order shall have the right to suspend or expel any member, or reduce the amount of his certificate, for any gross or careless misstatements in his application or answers to the medical examiner, if any such misstatements shall come to the knowledge of the executive committee during the life of said member: Provided, that failure to so expel such member on such knowledge shall not estop the order from contesting his certificate after death because of such misstatements."

"Article 29, Sec. 1. If information is laid before the president to the effect that a Praetorian has been publicly intoxicated, or has become addicted to any habit or act of shame or debauchery, the president shall investigate such charge, and shall lay the result of his investigation before the executive committee. If upon consideration of the evidence, the executive committee shall find that there are reasonable grounds for further proceedings in the matter, and shall so order, the president shall at once, by registered letter address to the post office address of the member accused as shown by the books of the order, notify him of the exact charge made against him, and further notify him that within fourteen days from the mailing of said notice he may file with the recorder of his council a written request for trial by said council, of the charge or charges specified."

"Article 20, Sec. 2. All dues shall be payable for each month on or before the first day thereof, and must be paid not later than the 12th."

"Article 26, Sec. 1. Any member whose dues shall not be paid as herein provided shall immediately lapse. To effect reinstatement when lapsed for less than thirty days a member who is in good health shall have the right to pay to his worthy recorder all unpaid dues, including those for the current month. Reinstatements shall not be effective until such dues are received and accepted by the Supreme Senate. It shall be the duty of the worthy recorder to satisfy himself that the member has been in continuous good health since date of lapse, and he shall furnish to the secretary a statement to that effect upon forms furnished by him.

"Sec. 2. To effect reinstatement when lapsed for more than thirty days and less than six months, a member shall furnish a certificate of health signed by him, and a like certificate of a medical examiner on form prescribed by the Supreme Senate, and shall pay to his recorder all dues, including those for the current month. Reinstatement shall not be effective until such statements have been approved by the president or secretary, and notice thereof mailed to the member.

"Sec. 3. When lapse has continued more than six months the member shall not be reinstated until he has submitted to the Supreme Senate application for such reinstatement, together with a medical examination by a medical examiner and upon a form approved by the Supreme Senate, and shall have paid to his worthy recorder all dues, including those for the current month. Reinstatment shall not be effected until accepted by the Supreme Senate and notice thereof mailed to the member by the president or secretary."

It is not even suggested that the assured was suspended as a member of the order, or that any attempt was made to cancel his certificate under the provisions of article 25 and 29 of its constitution; but there is pleaded, and the evidence develops, a failure on his part, until July 20, 1911, to pay the assessments due on the 1st and payable not later than the 12th of that month, by reason of which his benefit certificate lapsed.

It is insisted that the statements made in the written application of John W. Kennedy for reinstatement constitute warranties, the breach of which being established by evidence of the untruthfulness of such statements, renders the benefit certificate void and defeats any right of recovery thereon. It will be observed that section 26 of the constitution contains three distinct provisions governing the reinstatement of members in the order in case of lapse, dependent upon the duration of such lapse—the first governing cases where the lapse has been less than 30 days, the second where dues have not been paid for a period of more than 30 days and less than six months, and the third where

the lapse has continued for more than six months.

It is obvious that the first provision only is applicable and controlling under the facts in the instant case, as the lapse of the membership and benefit certificate of assured, which is relied on by defendant, was for a period of less than 30 days, it being alleged in the answer that:

"On the 1st day of July, 1911, there became due and payable by the said John W. Kennedy upon said beneficiary certificate the sum of $14.17, and that the said John W. Kennedy thereafter failed and refused to pay any part of said sum for a period of 20 days, and by reason thereof said beneficiary certificate lapsed, and became null and void."

Neither in section 1, article 26, of the constitution, supra, nor any by-law of the order pleaded or proved, is there a provision requiring a written application by a member in order to procure his reinstatement where his certificate has lapsed for a period of less than 30 days; but on the contrary, the only act prescribed thereby to be done by a member to effect the reinstatement of his membership and certificate is that he pay to his worthy recorder all unpaid dues, including those of the current month, whereupon the duty devolves upon such recorder to satisfy himself that the member has been "in continuous good health since the date of the lapse," and the recorder is to furnish to the secretary a statement to that effect. It is not pleaded, and there was no attempt to prove, that the recorder failed to perform his duty in this regard or that the deceased was not in fact in continuous good health during the period of the lapse. It is true that under the provision of the constitution the reinstatement did not become effective until the dues were received and accepted by the Supreme Senate; but it is expressly stipulated that the assured had paid "all dues and assessments on such certificate up to and including December 1, 1912," a period of some 10 months after his death.

Defendant urges that the stipulation in the written application of assured for reinstatement that, "I hereby agree that the acceptance of this or any other subsequent payment shall not reinstate said certificate or renew my membership in said order if the warranties herein contained are not in each and all particulars true," is binding upon the plaintiff. With this contention we cannot agree. There was no power under the constitution of defendant order to impose upon assured the making of the comprehensive written application adduced in the evidence in order to secure his reinstatement. Defendant was authorized under the provisions of its consti-

tution to demand only the information furnished to its secretary by the worthy recorder relative to the continuous good health of assured since the date of the lapse of his certificate.

The statements in the written application, regardless of their truth or falsity, were binding upon neither the assured nor defendant as warranties or otherwise, for the reason that the duty of making such application could not lawfully be imposed upon assured as a condition precedent to his reinstatement. In Supreme Lodge National Reserve Ass'n v. Turner, 19 Tex. Civ. App. 346, 47 S. W. 44, it is held:

"Where an application for reinstatement by a member of a benevolent association, as required by the association, was without authority, statements or promises in such application are nudum pactum, and hence not binding on the applicant."

In Davidson v. Old People's Mut. Ben. Soc., 39 Minn. 309, 39 N. W. 803, 1 L. R. A. 482, it is said in the syllabus:

"By the terms of the policy a member who had forfeited his certificate had a right to be restored upon certain conditions, held, that a reinstatement upon compliance with these conditions, constituted no consideration for a stipulation exacted by the society from the beneficiary that it should be liable to pay him only a part of the amount to which he would be entitled under the terms of the policy."

There is no question of fraud or breach of warranty in the original application upon which the certificate sued on was issued, the evidence going only to matters occurring subsequent to the issuance and delivery thereof; and it is therefore deemed unnecessary to advert to other alleged errors presented by the briefs. Under our view of the law there was no prejudicial error in the instructions given by the court, and those requested by defendant were properly refused as inapplicable.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.