168 So. 200

**NEW YORK LIFE INS. CO. v. ELLIS.**

**6 Div. 915.**

Court of Appeals of Alabama.

Feb. 11, 1936.

Rehearing Denied March 3, 1936.

W. W. Bankhead, of Jasper, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

114

Pennington & Tweedy, of Jasper, for appellee.

SAMFORD, Judge.

The plaintiff in three counts claims of the defendant a monthly sick benefit under the terms of a life insurance policy issued by the defendant on the 29th day of August, 1923, by the terms of which the defendant agreed to pay to the plaintiff $20 per month and also to waive the payment of premiums if plaintiff becomes wholly and permanently disabled before the age of 60, subject to all the terms and conditions contained in the policy and not here necessary to be set out, except in so far as they may follow in this opinion.

The plaintiff continued to pay the annual premium upon said policy and to comply with all the conditions named therein until the month of August, 1929, when he permitted the policy to lapse for and on account of a nonpayment of the premium.

By the terms of the policy, among other provisions, there is a clause which reads as follows: "At any time within five years after any default, upon written application by the insured and upon presentation at the home office of evidence of insurability satisfactory to the company, this policy may be reinstated together with any indebtedness in accordance with the loan provisions of the policy, upon payment of loan, interest, and of arrears of premium with 5% interest thereon from their due date."

On October 22, 1929, in accordance with the reinstatement clause hereinabove set out, this plaintiff applied for a reinstatement upon a form furnished him by the defendant in which the plaintiff stated that he had not within the past 12 months had any illness or consulted or been treated by any physician or physicians. This application was forwarded to the company, and, based thereon, the policy was by the defendant reinstated according to its terms.

Issue was joined on a plea of the general issue, in short, by consent with leave to give in evidence any matter as if the same had been specially pleaded, and under this plea, the defendant insists that the above statement in the application for reinstatement, upon which it acted in reinstating the insurance policy, was false and that as a matter of law the misrepresentation materially increased the risk of loss under the policy sued on.

The evidence in the case without conflict discloses the fact that on, to wit, July, 1929,

plaintiff had suffered from an attack in his stomach and that he had been treated for the ailment by a Dr. Woods, who gave him an emetic, as a result of which he vomited, stayed in the house a large part of that day, went on back to his business and continued in good health for several years.

There was evidence tending to prove that the attack of stomach ache or some similar ailment was not serious, and that the plaintiff continued to do his usual work for some 4 or 5 years thereafter.

The contention of the defendant is that the fact that plaintiff had consulted a physician within four months of the time he made the application for reinstatement of his insurance policy without regard to the seriousness of the ailment has the effect of avoiding the policy. To sustain this position, counsel for appellant have cited us to a long list of authorities from other jurisdictions, which do not seem to be in line with the decisions of the courts of this state. In fact, many of the decisions cited in appellant's brief hold to the view that the question propounded to the insured called for a statement as to a fact within his knowledge. It was unlike a question as to the applicant having consulted a physician for or having suffered from a specified ailment or disease. A question of the kind last referred to may call for the opinion or judgment of the applicant upon a debatable matter as to which the applicant may be honestly mistaken in making his answer. The question as to whether plaintiff had consulted a doctor relative to his health called for a statement as to a fact material to the risk to be incurred by granting the application for reinsurance, as an affirmative answer would enable the insurer to make an investigation and ascertain the truth regarding the cause of the consultation and the state of health revealed. In the case of the New York Life Insurance Co. v. McCarthy, 22 F.(2d) 241, 244, the Circuit Court of Appeals uses this language: "It cannot reasonably be doubted that the negative answer to the question was calculated to deprive the insurer of an opportunity it was entitled to be afforded of making an investigation for itself and acquiring information of facts material to the risk involved in granting the application for insurance." In the above-cited case, the Circuit Court of Appeals had under consideration section 8364 of the Code of Alabama of 1923, and concluded: "We are of opinion that the representation under consideration was one as to a material fact,

and that, the uncontroverted evidence showing that that representation was false, and was made with actual intent to deceive, the pleas setting up the falsity of that representation were so established as to make erroneous the court's refusal to give the instruction to the effect that, if the jury believed the evidence, they must find for the defendant."

On the other hand, this court is bound by the decisions of the Supreme Court upon all questions and on the question here in issue; the Supreme Court of this state in passing upon the effect of section 8364 of the Code as summarized in the second headnote in the case of Mutual Life Insurance Co. of New York v. Allen, 174 Ala. 511, 56 So. 568, says: "Under section 4572, Code 1907 [now section 8364] of the Code, a mere misrepresentation as to whether the insured had consulted a physician between the time of taking out the policy, and the making of the application for its reinstatement is not a sufficient defense unless it is shown that such misrepresentation was made with intent to deceive, or that it increased the risk of loss, as it is neither the natural or necessary effect of such misrepresentation, to show intent to deceive, or increase of risk."

In the Allen Case, supra, the Supreme Court of this state construes section 8364 of the present Code (section 4572 of the Code of 1907) as being applicable to reinstatement contracts of life insurance policies. Whether this was a correct application of the statute at the time it was written is not necessary now for us to consider for the reason that since the rendition of the opinion in the Allen Case, supra, the Legislature has re-enacted section 4572 of the Code of 1907 into section 8364 of the Code of 1923, thereby adopting the construction placed thereon by the Supreme Court. It is, therefore, the fixed policy of this state both by the decision of the Supreme Court and by enactment of the Legislature that the section above referred to is applicable to a reinstatement contract of life insurance, and, unless it appears from the facts that a representation made in the application for reinstatement was made with the actual intent to deceive or the matter misrepresented increases the risk of loss, the contract of reinstatement is not void and the policy under the reinstatement contract with all of its conditions and obligations remains in full force and effect. To the same effect is the decision of the Supreme Court in passing upon section 8050 of the Code of 1923, in which the decision in the Allen Case, su-

pra, is expressly approved. Metropolitan Life Insurance Co. v. Goodman, 196 Ala. 304, 71 So. 409.

■ It follows from the above that the trial court properly submitted to the jury the question as to whether the misrepresentation made by the plaintiff in his application for reinstatement of the insurance policy was made with the actual intent to deceive or whether the matter misrepresented increased the risk of loss.

The court did not err in its various rulings on these questions. Written charges requested by the defendant asking for affirmative instructions in its behalf were properly refused, and the excerpt from the oral charge of the court excepted to by the defendant, when taken and considered with the whole charge, is a correct application of the law to the facts in this case.

The fact that Dr. R. W. Woods, he being the physician consulted by plaintiff prior to the application for reinstatement of the insurance policy, had since died, and his testimony was therefore not available, cannot change the rule above declared. The facts and circumstances surrounding the transaction and bearing upon the health of the plaintiff were testified to by other witnesses, and, being a question of intent, the jury from these facts was called upon to form its own conclusion.

■ There is in the original policy of insurance what is termed an incontestable clause, which provides that after the payment of two premiums the policy shall be incontestable except for an annual payment of the premiums. This clause has no bearing on the case at bar, and does not prevent the original policy from lapsing by reason of a nonpayment of premiums when due. This was the status of the policy prior to its reinstatement in October, 1927. The reinstatement having been accomplished, the original policy again became the contract of insurance between the parties. The contract here under consideration, and affecting plaintiff's right of recovery, is the contract of reinstatement, which, when completed, restored the original contract as if there had never been a failure to pay any of the premiums when due. The suit is on the original policy by reason of the contract of reinstatement. If the reinstatement contract is valid, then the plaintiff may recover upon the original contract. If the reinstatement contract is void, then there is no original contract or policy for the very good reason that it had lapsed in 1927. Mutual Life Insurance Co. v. Lovejoy, 203 Ala. 452, 83 So. 591. It is insisted by the appellee that section 7 of the original policy, which reads, "This policy shall be incontestable after two years from its date of issue except for non-payment of premium," precludes the defendant from interposing its plea of fraud and deceit in the procurement of the reinstatement contract. This contention is not tenable. The original policy is one contract and if it is reinstated it becomes the contract which is to determine the rights of the parties in this suit. If its reinstatement has been obtained by fraud or misrepresentation, then there is no contract, and therefore no incontestable clause. The contention of the appellant, as set forth in the most excellent brief filed in this case, has properly stated the issues, and we take it that it is conceded in that brief that if section 8364 is applicable, and which we have hereinabove decided that it was, then the court was without error in its various rulings on the trial of the case. We so hold.

Finding no error in the record, the judgment of the circuit court is in all things affirmed.

Affirmed.