187 So. 727
**SOVEREIGN CAMP, W. O. W., v. PERRY.**
2 Div. 139.

Supreme Court of Alabama.
March 16, 1939.

Rehearing Denied April 13, 1939.

Clifton C. Johnston, of Marion, for appellant.

Arthur W. Stewart, of Marion, for appellee.

FOSTER, Justice.

This is an action on a policy of life insurance by the beneficiary after the death of insured, a member of a mutual fraternal, benefit life insurance association.

The defendant filed several pleas setting up a suspension of insured for non-payment of dues pursuant to the laws of the association. Plaintiff replied to those special pleas, in reliance upon section 67 of those laws, which provided in substance, so far as here pertinent, that if the member be suspended for non-payment of dues and remain so for more than three months, and less than six months, he shall be reinstated, if in good health, by making and

delivering to the financial secretary a certificate of good health signed by him, in which he shall warrant that all its statements are true, and shall remain in good health for the next thirty days, together with the payment of all sums which should have been paid had he remained a member including the current installment, and upon receipt and acceptance of said certificate and money by the financial secretary.

Replication No. 4 alleges that within six months, and while in good health, he delivered to the financial secretary such certificate signed by him in which he warranted all the statements to be true, and paid him all sums due to be paid as thus required, and remained in good health for thirty days following the signing and delivery of said certificate and acceptance of the same. To this replication, defendant filed rejoinders, 4, 6, 7, 8 and 9, to which we need to refer, in addition to the general issue, in which the said certificate of health is set out in full, and which contains the statement and warranty not only that he was in sound health and free from any disease, as required by section 67, supra, but, also, a statement not so required "that during the past three years I have not suffered from any mental or bodily infirmity resulting from accident or disease or been attended by a physician, except as follows: Had operation appendicitis in 1928." And then the rejoinders alleged that in October 1934 (which was about nine months theretofore) he was suffering from a disease known as carcinoma of the intestines, which materially increased the risk of loss, and in rejoinders 6 and 7, in addition to those facts, that he was at that time attended by a physician, to-wit, Dr. W. F. Harper of Selma, in one and Dr. W. W. Harper of Selma in the other. And in numbers 8 and 9, that such misrepresentation or warranty was made with the actual intent to deceive.

Demurrer was sustained to those rejoinders, and the ruling is here assigned for error.

■ The rejoinders follow the requirements of section 8507, Code, that misrepresentations and warranties shall not defeat a contract of insurance unless made with an actual intent to deceive or unless the matter' misrepresented increases the risk of loss. (Those requirements apply to applications for reinstatement.) New York Life Ins. Co. v. Ellis, 27 Ala.App.

113, 168 So. 200, certiorari denied, 232 Ala. 378, 168 So. 203.

■ As a part of the contract it need not be expressed in the policy or contract of reinstatement, since section 8371, Code, does not apply to fraternal benefit associations. Brotherhood of Railway and Steamship Clerks, etc. v. Riggins, 214 Ala. 79, 107 So.' 44.

So that we will first treat the warranty in its aspects as a part of the contract. The feature of it here under consideration is not a part of the requirements of section 67, supra. The essentials of that provision are that the member be (1) in good health, and (2) so remain for thirty days immediately thereafter, and (3) pay all dues prescribed, and (4) deliver to the financial secretary (that is of the local lodge) a certificate of good health signed by him, in which he warrants the statements contained in it to be true. It does not specify otherwise the nature of the statements to be warranted, and does not require a statement that he has not within three years suffered from any mental or bodily infirmity, resulting from accident or disease, and that he has not been attended by a physician.

■ A new contract is not made upon reinstatement, and no act by the insurance company is predicated upon the certificate when made. Its effect is automatic and results ipso facto, and there is thereby a continuance of the original contract as if no cause of suspension had occurred. Sovereign Camp, W. O. W. v. Adams, 204 Ala. 667 (9), 86 So. 737; Sovereign Camp, W. O. W. v. Harris, 228 Ala. 417, 153 So. 870; Sovereign Camp, W. O. W. v. Cox, 221 Ala. 58, 127 So. 847.

■ If he is not in good health at the time, and fails for thirty days to remain in good health, his reinstatement is only colorable. So that while it is automatic when the conditions are complied with, its effect is only prima facie, subject to proof that he was not in good health or that he did not remain in good health for thirty days. His warranty that he is then in good health is one of the conditions necessary to prima facie reinstatement. And that warranty must be made good, for good health in fact is a necessary condition to effectual reinstatement.

■ But when his certificate extends beyond the requirements of section 67,

supra, and contains further gratuitous assurances and warranties, not necessary to be made to effect his reinstatement, they, as a contract by him, are without consideration and impose no penalty if they are breached. This principle is well supported by authority. Mutual Life Ins. Co. v. Lovejoy, 203 Ala. 452(3), 83 So. 591; Modern Order of Praetorians v. Kennedy, 59 Okl. 165, 157 P. 926; Supreme Lodge v. Turner, 19 Tex.Civ.App. 346, 47 S.W. 44; Arrison v. Supreme Council of Mystic Toilers, 129 Iowa 303, 105 N.W. 580; Old Colony Life Ins. Co. v. Graves, 200 Ill. App. 71.

The allegation in rejoinders 8 and 9 that the warranty or representation was made with actual intent to deceive can have no application to a case where deceit in that respect is not and cannot be an inducement to another as a predicate for the doing of some act or making some contract. The insurer must rely upon it to his prejudice. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669(5 and 9), 117 So. 307.

As we have said, reinstatement is automatic, if it exists. It exists if the conditions set out in section 67, supra, shall have occurred. A fraudulent intent by the member is wholly immaterial, since it is not the occasion for prejudicial conduct in reliance on it. He was then in good health or he was not. He does not have the burden of inducing the association to accept him for reinstatement. If he is then in good health and so remains for thirty days, it is wholly immaterial what has been his past record for disease, and the terms of his reinstatement conditions do not otherwise provide.

Whether this gratuitous statement is true or false it is immaterial to his right to reinstatement or to its effectiveness. His certificate is not subject to approval, if it contains the necessary averments. It is merely lodged with the secretary of the local lodge. He does not call upon the association to accept him as an insurance risk. The history of his condition in that respect has no place under section 67, supra. Its requirements embrace a certificate as to his present condition only. More cannot be required, and if made it is gratuitous. So that the demurrers to rejoinders 4, 6, 7, 8 and 9 were properly sustained.

The case was tried upon the issue of fact of whether insured was in good health when he made and filed the cer-

tificate and paid the charges required for reinstatement. There was much evidence on that subject. Perhaps the weight of it sustained the finding of the jury for the plaintiff. Certainly there is no occasion to set aside the verdict and grant a new trial because it was contrary to the great weight of the evidence, or because of the rulings of the court which have been urged on this appeal.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.