### 11550

### WARD v. NEW YORK LIFE INSURANCE COMPANY

(123 S. E., 820)

INSURANCE—FALSE STATEMENTS IN REINSTATEMENT APPLICATION HELD DEFENSE NOTWITHSTANDING STATUTE AND INCONTESTABLE CLAUSE IN POLICY.—Where after time limited for payment of premiums had elapsed policy was reinstated, false statements in application for reinstatement was a defense to an action on the policy, notwithstanding the statute denying insurer's right, after two years, to dispute the truth of the application, and a provision in policy that it shall be incontestable except for nonpayment of premiums.

Before DENNIS, J., Florence, Fall Term, 1923. Affirmed.

Action by Mary D. Ward v. New York Life Insurance Co. Judgment for defendant on a directed verdict and plaintiff appeals.

*Messrs. R. B. Fulton* and *Sam J. Royall,* for appellant, cite: *Section* 4100, *Code* 1922, *creates a rule of evidence:* 104 S. C., 45. *Policy incontestable after two years:* 68 L. Ed., 45; 97 S. C., 418; 68 Sou., 299. *Reinstatement restored rights of assured:* 30 S. E., 918.

*Thomas & Lumpkin* and *Louis H. Cooke,* for respondent, cite: *Case controlled by L. R. A., 1917-E., 338:* L. R. A., 1918-D, 870; 116 N. E., 74; 54 N. E., 72; 46 L. R. A. (N. S.), 1056; 91 S. W., 204; 175 S. W., 737; 213 S. W., 242; 66 N. W., 157; 90 N. E., 213; 30 S. E., 918. *Reinstated policy is a new contract:* 46 L. R .A., (N. S.), 1056.

July 18, 1924.

Opinion of the Court was delivered by MR. JUSTICE FRASER.

Agreed statement of testimony and exhibits:

"As will be noted the entire cause of action of the plaintiff was admitted by the defendant in its answer and in open court, an affirmative defense being set up by it. The defendant thereupon offered to introduce evidence in support of the allegations set up in its answer. The plaintiff, through her attorneys, objected to any and all testimony offered by the defendant in support of the allegations in its answer upon the ground that the policies of insurance were more than two years old at the time of the death of the insured, and also more than two years old at the time of the reinstatement, and, further that the premiums had been paid, and that the policies of insurance were in full force and effect at the time of the death of the insured, and that the insurance company had accepted two premiums for two full years prior to the reinstatement, and that the policies contained a provision making the policies incontestable for any

cause after two years from its date of issue except for non-payment of premiums; and, further, that under the statutes in this State 'all life insurance companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance; that the assured person had made false representations, and the said application shall be deemed and taken to be true.' "

"His Honor, E. C. Dennis, presiding Judge, overruled the objection and permitted the defendant to introduce testimony in support of the allegations in its answer.

"It was proven that the assured, W. O. Ward, in the spring of 1921, had been confined in the Florence Infirmary on three different occasions, on each occasion suffering with alcoholism. It was proven that the assured, W. O. Ward, had been treated several times by Dr. W. S. Lynch, of Lake City, in the spring of 1921, and also in the early fall of 1921, for delirium tremens, staying most of the time in the Lynch Hospital at Lake City. It was proven that the assured, W. O. Ward, had been treated by Dr. H. M. Graham of Scranton, Florence County, on several occasions for alcoholism. It was proven that the assured, W. O. Ward, had been committed to the State Hospital for the Insane in May, 1921, and paroled about the middle of June, 1921 this petition having been made by wife of insured. The plaintiff admitted that the answers contained in the application for reinstatement were untrue. It was proven, however, that the plaintiff knew nothing about the questions and answers in the application for reinstatement, and there was no proof that she was a party to the alleged fraud.

"For the purposes of this appeal it is admitted that there was a lapse of the policies of insurance on October 23, 1921, for nonpayment of premium, and that the said policies of insurance were reinstated by the New York Life Insurance Company after the days of grace had expired.

"No testimony was offered in the rebuttal by the plaintiff. Thereupon the defendant made a motion for a directed verdict upon the ground that the sole and only inference to be drawn from the testimony was that the assured, W. O. Ward, had obtained a reinstatement of the two insurance policies upon fraudulent representations contained in his application for reinstatement, and the proof same was not contradicted by the plaintiff, but was, in fact admitted. The proofs of death dated February 27, 1922, showed the deceased died of 'excessive use of whisky.'

"The plaintiff then made a motion for a directed verdict in her behalf on the same grounds upon which she, through her attorneys, objected to the introduction of any testimony by the defendant in support of the allegations in its answer. The presiding Judge thereupon directed a verdict in favor of the defendant.

"It is hereby agreed by and between R. B. Fulton and Sam J. Royall, attorneys for the plaintiff, and Thomas & Lumpkin, attorneys for the defendant, that the foregoing shall constitute the record in this cause for the purposes of the appeal in the Supreme Court.

"It is further agreed that any original agreements may be used in arguments before the Supreme Court. Thomas & Lumpkin, attorneys for respondent. Sam J. Royall and R. B. Fulton, Attorneys for Appellant. December ——, 1923."

Motion for a directed verdict by defendant:

"At the conclusion of the testimony, defendant moved for a directed verdict in favor of the defendant, as follows:

"On the ground that the testimony shows that the policy lapsed for nonpayment of premium; that after said lapse the deceased made application for reinstatement, knowing and stating that his policy had lapsed; in that application for reinstatement he made certain answers to questions contained in the application; that these answers, we alleged in our answer in the case, were untrue and false; that he knew them to be untrue and false; that the defendant company

relied and acted upon the answers the deceased made in that application for reinstatement and reinstated the policy; that thereafter, upon the death of Mr. Ward, they were put on notice that some sickness had intervened between the date of the original policy and the date of his application for reinstatement, and that upon a complete investigation, carefully made, they found that each and every answer contained in that application for reinstatement, was false, and that they immediately tendered back the premium and served a letter of rescission on Mrs. Ward, the plaintiff, and, upon suit being filed, set up these facts and asked that the policy be declared null and void and of no effect; that on these grounds the policy should be declared null, void, and of no effect, and a verdict directed in favor of the defendant company."

Motion for a directed verdict by the plaintiff:

"The plaintiff moved for the direction of a verdict in favor of the plaintiff on the ground that, the policy, having been in force for two years and two premiums having been paid thereon, it was under the terms of the policy contract incontestable, and that no testimony should have been admitted on the trial as to whether statements, alleged to have been made by the deceased in the application for reinstatement were true or false, as such statements were irrelevant on the ground that the policy was under its terms incontestable, and also on the ground that the policy was incontestable under our statute in this State."

Order directing verdict for the defendant:          .

"This matter is now before me on a motion to direct a verdict on behalf of the plaintiff and on behalf of the defendant. The plaintiff objected to the introduction of any evidence with reference to any statement made in the application for reinstatement, and asked that a verdict be directed on the ground that such statements, whether fraudulent or whether true, could not be considered by reason of the fact that, under the statute, premiums for two years had been

paid and the policy, by its terms, was incontestable after two years. It seems to me that the application for reinstatement should be considered. The policy, according to its terms, permitted thirty days of grace in which to pay the premium, and after the expiration of those 30 days it could be reinstated upon the application being approved by the defendant. On the second day after the expiration of the days of grace, the application for reinstatement was made and the premium paid. It turns out that the statements, made by the deceased for the reinstatement of the policy, were untrue, and admitted to be such by the plaintiff; therefore I directed the verdict for the defendant."

Exceptions: ·

"Exception 1. The Court erred in allowing the defendant to introduce testimony in support of its defense set forth in its answer after the entire cause of action of the plaintiff had been admitted in open court by the defendant that the policies of insurance were in full force and effect at the time of the death of the insured, and that the premiums for two full years had been paid by the insured and accepted by the defendant; the error being that fraud is no defense to an action based upon a life insurance policy after the premium for two full years has been paid and accepted."

Only one exception is quoted, as the appellant's argument concedes that an answer to this question determines the case.

The appellant relies upon the statute quoted. The language is clear. After two years the company waives any right they may have had to dispute the truth of the application for insurance, that the assured person had made false representations, and the said application shall be deemed and taken to be true. There was no attempt to attack the application for insurance. If a litigant has a right of which he may not avail himself, there must be some statute, rule of law, or provision of the contract that prevents it. We have not been cited to any statute or rule of law that destroys the defense. The incontestable clause in the policy

is not in the "case," and we can base no binding judgment thereon. It is but fair to the parties to say that the incontestable clause is quoted in the argument of both appellant and respondent, but it cannot help the appellant. As quoted, the incontestable clause reads: "And shall be incontestable after two years from the date of its issue, except for nonpayment of premiums."

The contest of these policies is based upon the nonpayment of premiums within the time provided by the contract, or the extension of 30 days. The plaintiff then relied upon a reinstatement not covered by the statute, and failed.

Judge Dennis was right. The evidence was admissible, and, being undisputed a direction of a verdict for the defendant was properly made.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.