606 S.E.2d 486

**Patricia MYERS, Appellant,**

v.

**NATIONAL STATES INSURANCE COMPANY, Respondent.**

No. 3894.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2004.

Decided Nov. 22, 2004.

---

Clinch H. Belser, Jr., and Michael J. Polk, both of Columbia, for Appellant.

Robert C. Brown, of Columbia, for Respondent.

WILLIAMS, J.:

This action originated after an insurance company denied a beneficiary's claim for proceeds from a life insurance policy. The beneficiary sued the insurance company for breach of contract and moved *in limine* to exclude evidence regarding the decedent's medical condition. The trial court denied the motion and found for the insurance company. We affirm.

## FACTS

The facts of this case are not in dispute. On August 19, 1996, Carolyn Myers Metz ("Decedent") applied for and received a life insurance policy from National States Insurance Company ("Insurance Company"). In August 1998, her policy lapsed due to nonpayment. In October 1998, Decedent applied for, and was granted, reinstatement of the policy. On July 28, 1999, Decedent passed away. When Patricia Myers ("Beneficiary") made a claim for the proceeds of the policy, her claim was denied and the premium payments were refunded.

Insurance Company rescinded the policy based on alleged misrepresentations made in the reinstatement application. In her application for reinstatement (which references the original application in the policy), Decedent indicated that there had been no change in her health from that noted on her original policy. In her original application, Decedent did not indicate that she had any of the listed problems. The Insurance Company asserted that had it known Decedent's medical condition at the time of her reapplication, it would not have approved the application and thus, would not have reinstated

coverage. Insurance Company based its ability to rescind on the incontestability clause in the policy.

In denying Beneficiary's claim, Insurance Company mentioned in its letter to Beneficiary that when the policy was reinstated, the incontestability clause was reinstated as well. The insurance policy provides for a limited period during which Insurance Company can contest the policy. The provision states:

INCONTESTABILITY. We cannot contest this policy, except for nonpayment of premium, after it has been in force during the lifetime of the insured for a period of two years from the Policy Date.

Beneficiary brought a breach of contract action against Insurance Company. The trial court heard arguments as to Beneficiary's motion *in limine*, which sought to keep evidence of Decedent's medical condition from being considered based on the notion that the incontestability period had run. Insurance Company argued that the incontestability period started over upon reinstatement. In its final order, the trial court denied the motion and considered evidence of Decedent's medical condition. Based on that medical evidence, the court declared the policy null and void. We affirm.

## STANDARD OF REVIEW

"Generally, an action on a life insurance policy is a legal action involving a question of contract law." *Estate of Revis by Revis v. Revis,* 326 S.C. 470, 476, 484 S.E.2d 112, 115 (Ct.App.1997). "In an action at law, tried without a jury, the appellate court standard of review extends only to the correction of errors of law." *Key Corporate Capital, Inc. v. County of Beaufort,* 360 S.C. 513, 516, 602 S.E.2d 104, 106 (Ct.App. 2004) (citation omitted). In addition, the trial court's findings of fact will not be disturbed unless the record contains no supporting evidence. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

## LAW/ANALYSIS

Beneficiary argues that the motion *in limine* to exclude evidence of Decedent's medical condition should have

been granted based on the running of the incontestability period. We disagree.

 Insurance policies are subject to the rules of contract construction. *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999). Courts must give policy language its plain, ordinary, and popular meaning. *Id.* When the contract is unambiguous, clear, and explicit, it must be construed according to the terms used by the parties. *Id.*

 Beneficiary argues the rules of reinstatement do not allow revival of the contestability period because reinstating an insurance policy does not create a new contract. Beneficiary is correct that the reinstatement of an insurance policy does not create a new contract of insurance. However, in *Murray v. Metropolitan Life Ins. Co.*, 193 S.C. 368, 373, 8 S.E.2d 314, 316 (1940), our Supreme Court held that reinstatement is "a contract by virtue of which the policy already issued, *under the conditions prescribed therein*, is revived or restored after its lapse." *Id.* (emphasis added). No new contract is created, rather the conditions of the policy remain the terms of the contract. The terms of this contract provide for reinstatement subject to evidence of insurability and for a contestability period of two years from the policy date.[1]

Beneficiary contends that reviving the period of incontestability modifies the terms of and/or adds a new term to the contract. This is simply not the case. As stated in *Murray*, the parties remain subject to the same conditions prescribed in the original policy. 193 S.C. at 373, 8 S.E.2d at 316.

Beneficiary also argues that the policy is ambiguous. The terms of the policy are the same as those required by Section 38–63–220 of the South Carolina Code. Subsection (d) mandates that life insurance policies include:

> a provision that the policy and any rider or supplemental benefits attached to the policy are incontestable as to the truth of the application for insurance and to the representations of the insured individual after they have been in force

---

1. Specifically, the policy provides that: "Reinstatement will be subject to: (a) evidence of insurability satisfactory to us; (b) payment of overdue premiums wit interest at the rate of 6 % per year."

during the lifetime of the insured for a period of two years from their date of issue.

S.C.Code Ann. § 38–63–220(d) (2002).

Furthermore, subsection (j) states (in pertinent part) that individual life insurance policies must include:

a provision that the policy may be reinstated at any time within three years after the date of default in the payment of the premium . . . upon evidence of insurability satisfactory to the insurer and the payment of all overdue premiums and payment. . . .

S.C.Code Ann. § 38–63–220(j) (2002).

We do not find the language ambiguous. It clearly provides for a period of contestability for two years from the date of issue and reinstatement subject to evidence of insurability.

Nor do we find the terms of the policy, which were taken directly from the South Carolina Code, ambiguous. The policy clearly provides for reinstatement "subject to evidence of insurability satisfactory to [the Insurance Company]" and for a period of contestability "during the lifetime of the insured for a period of two years from the Policy Date." The original application specifically mentions the "Incontestability Provision," and the reinstatement application references the original application in the policy. Based on the terms used by the parties, reinstatement of the policy is subject to evidence of insurability satisfactory to Insurance Company and a two year period of contestability.

Finally, Beneficiary contends that the period of contestability begins on the original policy date, and does not start over upon reinstatement. However, a review of South Carolina law reveals that the contestability period begins anew on reinstatement. *See Murray,* 193 S.C. at 370–71, 378, 8 S.E.2d at 315, 318; *Ward v. New York Life Ins. Co.,* 129 S.C. 121, 123 S.E. 820 (1924); P.G. Guthrie, Annotation, *Insurance: Incontestable Clause As Affected By Reinstatement of Policy,* 23 A.L.R.3d 743, 748 (1969).

Although the reinstatement application does not in and of itself restart the incontestability period, in this case it references the original application, which specifically mentions the "Incontestability Provision." Thus, by its own terms, the

policy provides for a period of contestability and requires evidence of insurability satisfactory to the insurer.

## CONCLUSION

Based on the plain meaning of the policy, Insurance Company had two years from the date of reinstatement to contest the policy. Because Decedent passed away before the expiration of that period, Insurance Company could contest the representations she made in her reinstatement application. The trial court could consider medical evidence related to those representations. Accordingly, the motion *in limine* was properly denied. Therefore, the decision of the trial court is

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.