## AMERICAN NAT. INS. CO. v. WELSH et al.
### (No. 1187—5186.)

Commission of Appeals of Texas, Section A. Jan. 22, 1930.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Cockrell, McBride, O'Donnell & Hamilton, and J. L. Lipscomb, all of Dallas, for defendants in error.

HARVEY, P. J. On March 24, 1924, the plaintiff in error, the American National Insurance Company, a Texas corporation, issued a policy of insurance on the life of Katherine Welsh. The policy contained the following provision: "Provided, however, that no obligation is assumed unless on the date hereof the assured is alive and in sound health." Also the following provision: "Subject to correction of age as above provided, and provided premiums have been duly paid, this policy shall be incontestable for the amount due after having been in force two years during the life time of the assured."

All premiums were duly paid to January 25, 1925. The insured, Katherine Welsh, died on August 13, 1924. Proof of death was promptly made, and the insurance company refused payment of the policy, and, within 90 days after the death of the insured, tendered to the beneficiaries all premiums that had been paid, and gave notice of rescission on account of the insured's misrepresentation in the respect hereinafter mentioned. On May 4, 1926, the defendants in error, as beneficiaries under the policy, brought this suit to recover the amount of the policy, with statutory penalty and attorney's fees. On January 22, 1927, the insurance company filed its amended answer, in which, for the first time in the suit, it set up two distinct defenses, based upon the following grounds: First, that the insured was not in sound health on the date of the policy, consequently, in virtue of the first quoted clause of the policy, no effective contract of insurance was consummated; and, second, that the insured had fraudulently stated, in her application for insurance, that she did not then have tuberculosis and had never been affected with this disease, whereas in truth and in fact she had said disease at the time, had been affected with it for a long time, and said disease eventually

caused her death. Exceptions urged by the defendants in error were sustained, and the part of the amended answer setting up the above defenses was stricken out by the trial court, on the ground that said defenses were presented for the first time more than two years after the date of the policy. On the trial of the case, judgment was rendered in favor of the defendants in error for the sum sued for. On appeal this judgment was affirmed by the Court of Civil Appeals. 3 S.W. (2d) 946.

It is contended that, because premiums for two years had not been paid prior to the death of the insured, the two defenses in question still were available to the plaintiff in error on January 22, 1927, when the amended answer was filed. In support of this contention the hereinafter quoted provisions of article 4951 are cited. Inasmuch as the policy in question was issued prior to the adoption of the Revised Statutes of 1925, we shall, in discussing the case, employ the article numbering of the Revised Statutes of 1911.

The portions of article 4741, Rev. St. 1911, which are material here, read as follows: "No policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company organized under the laws of this state, unless the same shall contain provisions substantially as follows: * * * 3. A provision that the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

The meaning and effect of these provisions were to prescribe two years as the maximum period of limitation, after which no defense, except nonpayment of premiums or violations of conditions relative to naval or military service during war, should be allowed to defeat payment of a life policy. American Nat. Ins. Co. v. Tabor, 111 Tex. 155, 230 S. W. 397. These provisions first became law in the year 1909. See section 22, chapter 108, Acts of 1909. By operation of law, they are read into and control the terms of every policy issued by a domestic life insurance company, after December 31, 1909. When this law was originally passed, there was a pre-existing statute, enacted in 1903, which afterwards became article 4951 of the Revised Statutes of 1911. In such pre-existing statute it was provided that "no defense based upon misrepresentation made in the application for, or in obtaining or securing, any contract of insurance upon the life of any person being or residing in this state shall be valid or enforceable in any suit brought upon such contract two years or more after the date of its issuance, when premiums due on such con-

tract for the said term of two years have been paid to, and received by, the company issuing such contract, without notice to the assured by the company so issuing such contract of its intention to rescind the same on account of misrepresentation so made, unless it shall be shown on the trial that such misrepresentation was material to the risk and intentionally made."

When the law of 1909 was passed, the pre-existing statute, containing the provisions just quoted, was left standing. Whatever rights had become vested in insurers, by virtue of these provisions, were left undisturbed; but there is nothing to be found, in the law of 1909 or elsewhere, which implies an intention on the part of the Legislature to bestow similar rights on insurers in policies subsequently issued by any domestic life insurance company. Nowhere does it appear, either expressly or by reasonable implication, that payment of premiums for two years, or for any other period of time, is made a prerequisite to incontestability of such policies. The fact that the statutes under consideration were subsequently adopted as part of the Revised Statutes of 1911, did not effect a change in their respective fields of operation. Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643, 648 (writ refused). The scope of article 4741 is thus pointed out in the case just cited:

"The beginning portion of section 22 of the act of 1909 reads: 'No policy of life insurance shall be issued or delivered *after December 31st, 1909,*' etc. Article 4741 omits the words 'after December 31st, 1909.' Doubtless the omission of those words in Revised Statutes 1911 was by reason of the fact that the date thus omitted had already passed at the time of the adoption of the codification of the statutes in the year 1911. The same words are contained in section 23, which are likewise omitted in article 4742 of our present statutes, doubtless for the same reason. The regular session of the Thirty-First Legislature, at which the acts of 1909 was passed, adjourned March 13, 1909, and that act took effect 90 days after that date, which would be June 13, 1909. As noted already, the policies in the case of Blackstone v. Kansas City Life Ins. Co. [107 Tex. 102, 174 S. W. 821], supra, were issued June 23, 1909. Hence they were not required to contain the provisions of article 4741. The provision in the act of 1909 that the requirements of article 4741 should apply only to policies issued after December 31, 1909, clearly indicates an intention of the Legislature that the articles of the statutes (4947 to 4951) which were passed in the year 1903 should be applicable to policies issued prior to December 31, 1909, and while those statutes were in force; but that the provisions of the act of 1909 should have a controlling effect upon all policies issued after that date."

It is to be presumed that the legis-

lature, in re-enacting article 4741 as article 4732 of the Revised Statutes of 1925, intended the scope of this statute to remain unchanged, and that the statute should bear the same interpretation which had been given it in the Tabor Case. We are satisfied that, when the plaintiff in error filed its amended answer on January 22, 1927, wherein the two defenses in question were set up for the first time, the policy had become incontestable. Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 119 N. E. 68, L. R. A. 1918D, 1196; Northwestern Mut. Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496; 37 C. J. 542. The reasoning of the court in the Hurni Case, just cited, leaves no doubt in our minds as to the correctness of this conclusion. The policy involved in that case provided: "This policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue." In material respects, the meaning of this language is essentially the same as that of subdivision 3 of article 4741. In the case, a contention to the same effect as one urged in the instant case was made. The Supreme Court of the United States, in overruling such contention, said:

"It is true, as counsel for petitioner contends, that the contract is with the insured, and not with the beneficiary; but, nevertheless, it is for the use of the beneficiary, and there is no reason to say that the incontestability clause is not meant for his benefit, as well as for the benefit of the insured. It is for the benefit of the insured during his lifetime, and upon his death immediately inures to the benefit of the beneficiary. As said by the Supreme Court of Illinois in Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 141, 119 N. E. 68, 70, L. R. A. 1918D, 1196: 'Some of the rights and obligations of the parties to a contract of insurance necessarily become fixed upon the death of the insured. The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of the death of the insured. The incontestable clause in a policy of insurance inures to the benefit of the beneficiary after the death of the insured as much as it inures to the benefit of the insured himself during his lifetime. The rights of the parties under such an incontestable clause as the one contained in this contract do not become fixed at the date of the death of the insured.' In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue—not that it shall be incon-

testable after two years if the insured shall live, but incontestable without qualification and in any event."

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.