Zella Rose PERRY et vir, Appellants,

v.

BANKERS LIFE AND CASUALTY COMPANY, Appellee.

No. 16357.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1962.

Rehearing Denied Nov. 30, 1962.

Harry N. Ward, Fort Worth, for appellants.

Hudson, Keltner, Jordan, Smith & Cunningham, and Walter E. Jordan, Fort Worth, for appellee.

BOYD, Justice.

Zella Rose Perry and her husband, L. W. Perry, appeal from an adverse summary judgment in their suit on an insurance policy on the life of Cora Lee Cox. Mrs. Perry being the beneficiary.

The question presented is whether fraud in an application for reinstatement of a lapsed policy may be urged as a defense after the expiration of the contestable period.

The policy was issued on May 6, 1959. It lapsed for nonpayment of premiums on July 6, 1959, and was reinstated on September 14, 1959, on the basis of a reinstatement application executed by the insured on September 3, 1959. The application stated that the insured was in sound health and had not during the past five years suffered any illness or undergone any medical or surgical treatment. At that time the insured was in a hospital and was being treated for cirrhosis of the liver, for which she had been undergoing treatment since May 21, 1959. She knew her condition at the time the application was made. She died of that disease on June 20, 1960. It was stipulated that had appellee known

of the condition of the insured's health the policy would not have been reinstated. The policy stated that it would be incontestable after two years from the date of issue, except for nonpayment of premiums.

Appellants furnished proof of insured's death and made demand for payment late in July, 1960. Appellee refused to pay. This suit was filed on September 22, 1961. Appellants say that time does not cease to run against the incontestable clause because of the insured's death; that appellee's denial of liability within the two year period did not in law amount to a contest; and that although a new incontestable period began at the time of the reinstatement, it was necessary for appellee, within such two-year period, to institute a court proceeding to cancel the policy to avail itself of the defense of fraud in the application for reinstatement. There seems to be authority for each proposition. American National Insurance Company v. Welsh, Tex.Civ.App., 3 S.W.2d 946, affirmed, Tex. Com.App., 22 S.W.2d 1063; Scharlach v. Pacific Mut. Life Ins. Co., 5 Cir., 9 F.2d 317; State Mutual Life Insurance Company v. Rosenberry, Tex.Civ.App., 175 S.W. 757, reversed on other grounds, Tex.Com. App., 213 S.W. 242; note, 134 A.L.R. 1525; Appleman, Insurance Law and Practice, Vol. 1, p. 374, sec. 320.

It is appellee's position that the incontestable clause has no application when fraud would otherwise have vitiated the reinstatment, and relies on the rule announced in State Mutual Life Insurance Company v. Rosenberry, supra.

The Commission of Appeals in the Rosenberry case very clearly stated that in case of fraud in a reinstatement application the incontestable rule does not apply. We quote from the opinion as follows:

"But we think that the better rule and the one that would come nearer doing justice is to regard the contract for reinstatement, not as a new contract of insurance, but as a waiver of the forfeiture, thus restoring the policy and making it as effective as if no forfeiture had occurred, but reserving the right of the company to avoid the effect of the reinstatement by showing, if it can, that the reinstatement was induced by unfair and fraudulent means. Massachusetts Benefit Life Association v. Robinson, 104 Ga. 256, 30 S.E. 918, 42 L.R.A. 274; Goodwin v. Provident, etc., Life Association, 97 Iowa 226, 66 N.W. 157, 32 L.R.A. 473, 59 Am.St.Rep. 411; Monahan v. Fidelity Mutual Life Insurance Co., 242 Ill. 488, 90 N.E. 213, 134 Am.St.Rep. 337; Mutual Life Insurance Co. v. Lovejoy, [201 Ala. 337,] 78 South. 299, L.R.A.1918D, 864.

"Applying these principles to the case, it appears that the policy sued on lapsed for failure to pay the premium after the same became incontestable under its terms, and we think that the insurance company could not contest it by reason of anything connected with its original issuance or any act of the insured up to that time. When it lapsed for failure to pay the premium, no contract of insurance existed, but the parties had a right by a new contract to provide for a waiver by the company of the forfeiture and a reinstatement of the policy. The insured undertook to comply with the requirements of the company in order to obtain a reinstatement, and to that end made an application warranting the facts stated therein to be true. As we construe the opinion of the Court of Civil Appeals, it finds that the statement in the application to the effect that the insured had not applied for insurance in any other company which had not been issued was untrue and was material. This being true, the application to reinstate the policy was induced by the fraud of the insured. We do not think that the clause in the policy making it incontestable after one year from its date applies to this transaction. To make it apply is to hold that, however gross the fraud by which the reinstatement of a lapsed policy is procured, the insurance company is without remedy. In this case less than one year after the perpetration of the fraud had elapsed, and we think

the insurance company had the right to show that the reinstatement was secured by material fraudulent representation, and that therefore the contract of reinstatement was void, and that the policy was not thereby revived."

Appleman, Insurance Law and Practice, Vol. 1, p. 374, sec. 320, and Couch, Cyclopedia of Insurance Law, sec. 1379, cite the Rosenberry case as authority for the proposition that where a reinstatement of an insurance policy is procured by fraud, the insurer may interpose this as a defense at any time thereafter.

The rule announced in the Rosenberry case seems to have been adhered to in Alabama, Georgia, and South Carolina. New York Life Ins. Company v. Ellis, 27 Ala. App. 113, 168 So. 200; Massachusetts Benefit Life Ass'n v. Robinson, 104 Ga. 256, 30 S.E. 918, 42 L.R.A. 261; Ward v. New York Life Ins. Company, 129 S.C. 121, 123 S.E. 820.

The Supreme Court adopted the judgment recommended in the Rosenberry case, but did not approve the holding. The judgment was correct in any event, because the defense of fraud in the procurement of the reinstatement was asserted within the contestable period. We have found no case where the Supreme Court has written upon the question here presented. And we think that the conclusion expressed by the Commission that the incontestable clause does not apply to reinstatement contracts procured by fraud is against the weight of authority from other jurisdictions, and is not supported by the better reasoning. Appleman, Insurance Law and Practice, Vol. 1, p. 374, sec. 320, and authorities there cited.

We quote from Appleman, supra, as follows: "Unquestionably, more difficulty has arisen in the construction of incontestable clauses where a policy has lapsed and been reinstated than in any other situation. It must be recognized that this is not a simple situation. To start with, certain representations were made in order to secure the issuance of the policy originally. The

time fixed by the policy to contest such original matters may or may not have expired. Then the policy lapses and the insured applies for reinstatement. He makes certain new representations as to the state of his health, medical attendance and the like. Does the running of the old incontestable period bar the setting up of defenses to the new representations, is a new incontestable period created, or may such defenses be set up without limitation as to time?

"The majority rule seems, to this writer, to be quite the best reasoned of the diverse results reached. These courts recognize that there is only one insurance policy ever issued under such circumstances and only one actual contract contemplated by the parties. In this policy, it is provided that in the event of lapse or forfeiture for nonpayment of premiums, the policy may be reinstated by complying with certain conditions. By reinstatement is meant that the policy is put back into force and effect; not that a new policy is issued containing different terms or provisions. It is only reasonable, reason these courts, that the old defenses which were barred by the running of the first incontestable clause remain barred—they are not automatically revived. But as to new representations made which may be false and fraudulent, the insurer is entitled to a reasonable time to investigate and to determine their truth. However, for the same reasons of public policy which place a time limitation upon the original defenses in order to protect the public and to cut down on litigation, this time should not be unlimited in duration. Accordingly, the majority of jurisdictions passing upon the question hold that the same length of time fixed by the policy as to original defenses will be given as to new defenses after reinstatement; that, after such time has expired, such defenses are barred. * * *

"The rule which seems the least defensible of all has been reached by a few courts which were led astray either by the complicated nature of the transactions or a dis-

like of the operation of incontestable clauses. They hold that regardless of the provisions of the incontestable clause in the original policy and regardless of the fact that the same policy may have been restored to the insured, another contract has entered into the picture. This contract was for the reinstatement itself. In other words, they construe the negotiations leading up to the reinstatement as a separate contract, distinct and different from policies of insurance, and as to this contract, incontestability clauses have no application. Consequently, if there are any misrepresentations made in these negotiations inducing the reinstatement, the company may interpose this as a defense at any time thereafter."

It is not clear to us how, as said by the court in Rosenberry, the insurer is without remedy against a fraudulent application for reinstatement. The remedy is just the same as it is against a fraudulent original application. In the next sentence after the above statement was made, the court said, "In this case less than one year (the contestable period in the policy under consideration) after the perpetration of the fraud had elapsed. * * *" The remedy, therefore, seems to have been adequate and plain.

In this case both parties moved for summary judgment. The motion of appellee was sustained. We think appellants' motion should have been sustained.

The judgment granting appellee's motion for summary judgment is reversed, and judgment is here rendered sustaining appellants' motion for summary judgment.