UNIVERSAL LIFE & ACCIDENT INSUR-
ANCE COMPANY, Appellant,

v.

S. T. MURPHY, Appellee.

No. 16428.

Court of Civil Appeals of Texas.

Fort Worth.

May 24, 1963.

Rehearing Denied June 14, 1963.

Storey, Armstrong & Steger, and Paul S. Adams, Jr., Dallas, for appellant.

Sol Gordon, and Lattimore & Lattimore, and H. S. Lattimore, Fort Worth, for appellee.

RENFRO, Justice.

On April 8, 1957, Universal Life & Accident Insurance Company issued a policy of industrial life insurance in the principal sum of $500.00 to Mary Lois Murphy. Thereafter the policy lapsed for nonpayment of premiums, but was renewed on February 23, 1959. The insured died January 20, 1960.

This suit was instituted by the beneficiary on April 3, 1961, and on April 28, 1961, defendant filed an answer and a cross-action to cancel the policy because of misrepresentations made by the insured concerning her health.

The jury found that the insured was in good health both on the date of the issuance of the original policy and on the date of renewal and represented to defendant that she was in good health. There were further findings that the representation was false and material but was not wilfully made for the purpose of inducing the Insurance Company to issue the policy. Similar findings were made as to consultation with doctors, high blood pressure, and whether she stated in the application for renewal that she was then in good health.

Defendant contends it is entitled to a reversal because of irreconcilable conflict in the jury's answers and because the trial court disregarded answers to several issues favorable to defendant.

By counterpoint the plaintiff argues that since the defense of misrepresentation and

the cross-action were filed more than two years after the policy was renewed, such defense was not available to defendant.

■ Article 3.44, Insurance Code, V.A.T.S., provides that "* * * the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums * * *."

The contestable period applies to a renewal policy as well as to the original policy. Perry v. Bankers Life and Casualty Co., Tex.Civ.App., 362 S.W.2d 213.

Defendant seeks to avoid the effect of Art. 3.44 by the following stipulation made in the trial court: "It is stipulated that in Cause No. 15556-C, styled S. T. Murphy against Universal Life And Accident Insurance Company, was filed in the 17th District Court of Tarrant County, Texas, on February 24th, 1960, in which the parties were the same identically to the parties in this suit, and in said suit, the Defendant, Universal Life And Accident Insurance Company filed a cross action against S. T. Murphy and Harold Baker, doing business as Baker Funeral Home, to cancel the policy of life insurance involved in this case; and such suit to cancel said policy of insurance was filed by Universal Life And Accident Insurance Company on March 18th, 1960, with the District Clerk of Tarrant County, Texas, and the cross defendants were served forthwith with citations in said cross action."

The prior suit and defendant's cross-action were dismissed.

It was held in National Life & Accident Ins. Co. v. Wigley, Tex.Civ.App., 96 S.W. 2d 154, that an insurer could contest the validity of a life policy in an action instituted by the beneficiary more than two years after the policy was issued where defense of invalidity had been raised in prior action instituted within the two year period wherein the beneficiary had taken a nonsuit in the original action.

■ The defense of misrepresentation, however, even if filed within the two year period, is not available in a suit brought after the two year period if the defense was voluntarily withdrawn, or waived, in the prior suit. Powell v. Mutual Life Ins. Co., 313 Ill. 161, 144 N.E. 825, 36 A.L.R. 1239; New York Life Ins. Co. v. Hurt, 10 Cir., 35 F.2d 92.

■ The stipulation merely shows that a cross-action was filed by defendant in the former suit. Although the plaintiff could take a nonsuit in his action on the policy he obviously could not nonsuit the defendant's cross-action. There is nothing in the stipulation to indicate that defendant objected to the dismissal of the cross-action in the prior suit, or took an appeal therefrom. There is no intimation in the stipulation that defendant was prevented by plaintiff or the court from pursuing its cross-action to judgment. It must follow that defendant, in so far as the stipulation reveals, voluntarily withdrew the cross-action in the prior suit or it waived the matters set up in the cross-action.

In view of the record we hold that Art. 3.44 barred defendant from asserting the defense of false representations in the instant suit.

In the event we are mistaken in holding that the defense of false representations was not available to defendant in the instant case, we nevertheless think the judgment should be affirmed.

The jury found that none of the representations were made wilfully for the purpose of inducing the defendant to issue the policy. Although the jury found that some representations were false, there were no findings that the insured knew or should have known such representations to be false.

■ In order to avoid a policy of insurance because of misrepresentation, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the

insured knew, or should have known, that they were untrue, and that he made them wilfully and with the intention of inducing the insurer to issue him a policy. Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820; American Central Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864; Doyle v. Great Southern Life Ins. Co., Tex.Civ.App., 126 S.W.2d 735, affirmed 136 Tex. 377, 151 S.W.2d 197; General American Life Ins. Co. v. Martinez, Tex.Civ.App., 149 S.W.2d 637; American Nat. Ins. Co. v. Green, Tex.Civ.App., 96 S.W.2d 727; Provident Life & Accident Ins. Co. of Chattanooga v. Flowers, Tex. Civ.App., 91 S.W.2d 847; 46 C.J.S. Insurance § 1319, pp. 435–437; Krayer v. Prudential Ins. Co. of America, Tex.Civ. App., 360 S.W.2d 844, reversed on other grounds, Tex., 366 S.W.2d 779; Golden State Mutual Life Ins. Co. v. Pruitt, Tex. Civ.App., 357 S.W.2d 812; Pioneer American Ins. Co. v. Meeker, Tex.Civ.App., 300 S.W.2d 212.

Judgment affirmed.

LANGDON, J., not participating.