**REVISED October 23, 2013**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2013

Lyle W. Cayce
Clerk

No. 12-51295

ELVIA CARDENAS,

Plaintiff-Appellant

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and KING and PRADO, Circuit Judges.

KING, Circuit Judge:

This case arises from Defendant-Appellee United of Omaha Life Insurance Company's denial of Plaintiff-Appellant Elvia Cardenas's claim for benefits from a life insurance policy taken out by Cardenas's daughter, Elvia Sierra. The policy lapsed and was subsequently reinstated; Sierra died thirteen months after the reinstatement. As required by the Texas Insurance Code, the policy contained a provision that it would become incontestable if it remained in force "for two years from its date of issue during the lifetime of the insured." Although the policy does not have a provision dealing with contestability following

No. 12-51295

reinstatement, the parties agree there is such a period.  They differ over how the death of the insured during the contestability period will affect the reinstatement.  The district court found that the reinstated policy never became incontestable because Sierra died before the two-year period ran.  Cardenas appeals from the district court's denial of her post-verdict motion for judgment as a matter of law.  She argues that a section of the Texas Administrative Code controls and requires finding that the reinstated policy became incontestable.  For the following reasons, we AFFIRM the district court's judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

United of Omaha Life Insurance Company ("United of Omaha") issued a life insurance policy to Elvia Cardenas's daughter, Elvia Sierra, on March 26, 2001.  The policy lapsed for nonpayment of premiums in June 2005.  United of Omaha reinstated the policy on January 3, 2006, after Sierra submitted a reinstatement application.[1]  Sierra made several misstatements about her health in the reinstatement application.  The application required Sierra to certify that she had not lost more than ten pounds in the prior year, and that in the prior five years, she had not undergone any blood tests, laboratory tests, or special examinations, been ill or injured, or received medical or surgical advice or treatment.   In fact, Sierra suffered from Crohn's disease and had been hospitalized for four weeks during June and July 2005.  She lost thirty pounds between March and July 2005, including eighteen pounds in one week.

Sierra died on February 20, 2007.   Her death certificate lists toxic megacolon, sepsis, cachexia, and Crohn's disease as the causes of death.

---

[1] The reinstatement application required that Sierra "agree that [United of Omaha] may rely upon the Insured's answers to the following questions as being true and complete," and "agree[] that the foregoing information is the basis for reinstatement of the policy . . . ."

No. 12-51295

Cardenas filed a claim for benefits on March 26, 2007. United of Omaha denied the claim on May 14, 2007, and on May 23, 2007, informed Cardenas that it was rescinding the policy due to misrepresentations it found in the reinstatement application.

Cardenas filed suit in state district court on February 16, 2011, claiming that United of Omaha had failed to pay the $150,000 death benefit under the policy. United of Omaha removed the case to federal court based on diversity of citizenship. The parties filed cross-motions for summary judgment. In its motion, United of Omaha argued that it satisfied the requirements for rescinding an insurance policy procured by fraud, and that the policy remained contestable because Sierra died before the two-year period ran. Cardenas contended, *inter alia*, that the reinstated policy was incontestable because United of Omaha failed to contest it within the requisite two years, as provided by § 3.104(a) of the Texas Administrative Code, Title 28. The district court denied both motions in a memorandum opinion and order dated February 29, 2012, and found that fact issues remained regarding whether Sierra's misrepresentations were material and intentional.

The case went to trial on October 22, 2012. Cardenas filed a motion for judgment as a matter of law at the close of evidence, which the court denied. The jury returned a verdict in favor of United of Omaha, finding that Sierra's representations in the reinstatement application were material and intentional. Cardenas filed a renewed motion for judgment as a matter of law after the verdict, contending that: (1) the insurer could not contest the reinstatement because the policy did not provide for a contestability period after reinstatement; (2) § 3.104(a) of the Texas Administrative Code provides an absolute two-year

3

No. 12-51295

deadline for contesting the reinstatement; and (3) insufficient evidence supported the jury's findings. The district court denied the motion and entered judgment for United of Omaha. Cardenas timely appealed.

## II.  DISCUSSION

Cardenas argues that the district court failed to correctly apply Texas law governing incontestability provisions in life insurance contracts and that the district court erred by expanding the interpretation of the insurance contract. We will address each argument in turn.[2] We note at the outset that we review de novo a district court's ruling on a motion for judgment as a matter of law. *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004).

### A.  Incontestability Provision

Cardenas's challenge to the district court's ruling turns on a question of statutory construction that we also review de novo. *F.D.I.C. v. Shaid*, 142 F.3d 260, 261 (5th Cir. 1998) (per curiam). "[W]e interpret [a] state statute the way we believe the state Supreme Court would, based on prior precedent, legislation, and relevant commentary." *Id.* (citing *Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 987–88 (5th Cir. 1992)). We note that "[t]he text of an administrative rule must be construed under the same principles as if it were a statute." *Tex. Gen. Indem. Co. v. Tex. Workers' Comp. Comm'n*, 36 S.W.3d 635, 641 (Tex. App.—Austin 2000, no pet.).

At the heart of this case is the question whether a life insurance policy, after it has been reinstated, automatically becomes incontestable after two years, or whether the insured must survive that two-year period. The answer

---

[2] Because Cardenas does not challenge the sufficiency of the evidence that supported the jury's findings, that issue is not before us. *Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

4

to this question depends on how we interpret two key statutory and regulatory provisions, one of which expressly requires that in order to become incontestable, a policy must be in force for two years "during the lifetime of the insured." These provisions are Texas Insurance Code § 1101.006, and 28 Texas Administrative Code § 3.104(a), promulgated by the Texas Department of Insurance ("Department").

Section 1101.006 states that "a life insurance policy must provide that a policy in force for two years from its date of issue during the lifetime of the insured is incontestable, except for nonpayment of premiums." Tex. Ins. Code Ann. § 1101.006 (West 2003). Section 3.104(a) (which is set out in full below) provides, in relevant part, that "[i]f a reinstatement is contested for misrepresentation, no representation other than one causing the reinstatement may be used to contest the policy, any contest of the reinstatement may be for a material and fraudulent misrepresentation only and reinstatement may not be contested more than two years after it is effectuated . . . ." 28 Tex. Admin. Code § 3.104(a) (1982) (Tex. Dep't of Ins., Incontestable Clause).

Cardenas argues that § 1101.006 and § 3.104(a) are unambiguous and part of a consistent statutory scheme. She urges us to find that § 3.104(a), which does not contain the "lifetime of the insured" language, applies to policy reinstatements, whereas § 1101.006 applies to policy issuances. Under her reading, if an insurer does not contest a policy reinstatement within the two-year contestability period, then the policy becomes incontestable, regardless of whether or not the insured survived the two-year period. She concludes that Sierra's policy became incontestable and United of Omaha cannot challenge it.

United of Omaha urges us to find that § 1101.006 is controlling and

applies to policy reinstatements, and that § 3.104(a) contradicts § 1101.006 and is beyond the Department's authority. Therefore, it argues, the "lifetime of the insured" language applies to policy reinstatements, and since Sierra did not survive for two years after reinstatement, the policy remains contestable indefinitely.

For the reasons that follow, we conclude that § 1101.006 applies to reinstatements. We find § 3.104 persuasive in reaching this conclusion, and we do not interpret § 3.104(a)'s provisions as contradicting § 1101.006. We find that § 3.104(a) applies, subject to § 1101.006's requirements. As a result, we hold that a contestability period following a policy reinstatement is subject to the "lifetime of the insured" requirement.

1. Insurance Code § 1101.006 and Administrative Code § 3.104(a)

Insurance Code § 1101.006, captioned "Incontestability," is the Insurance Code's incontestability provision for life insurance policies. It states, in relevant part: "a life insurance policy must provide that a policy in force for two years from its date of issue *during the lifetime of the insured* is incontestable, except for nonpayment of premiums." Tex. Ins. Code Ann. § 1101.006 (emphasis added). Thus, if an insured survives the two-year "contestability period" following the issuance of a policy, then the policy will become incontestable for any reason except nonpayment of premiums. *Id.*; *contra Great Am. Reserve Ins. Co. v. Fry,* 418 S.W.2d 716, 719 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.) (holding that an incontestability clause did not prevent an insurer's challenge to coverage of policy, as distinguished from validity of policy). This bar to contestability applies even if the insured intentionally made a material misrepresentation in the policy application. *Kan. Life Ins. Co. v. First Bank of*

No. 12-51295

*Truscott*, 78 S.W.2d 584, 586–87 (Tex. 1935).  Section 1101.006 does not expressly address how incontestability periods operate following a policy reinstatement.

Section 1101.006 was codified in 1951 as Texas Insurance Code Article 3.44(3),[3] which provided that a life insurance policy "shall be incontestable not later than two years from its date, except for non-payment of premiums."  Act of June 28, 1951, 52d Leg., R.S., ch. 491, 1951 Tex. Gen. Laws 903.  Article 3.44(3) was amended in 1963 to include the "lifetime of the insured" provision,[4] Act of June 22, 1963, 58th Leg., R.S., ch. 498, 1963 Tex. Gen. Laws 1307, and was recodified at § 1101.006 in 2001, with no substantive changes.[5]  Acts 2001, 77th Leg., R.S., ch. 1419, 2001 Tex. Gen. Laws 3658, 4041 (effective June 1, 2003).

---

[3] Article 3.44, in turn, was based on Article 4732.  Tex. Ins. Code art. 3.44 (historical comment) (Vernon 1952).

[4] The full text of Article 3.44(3) provided:

That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable *after it has been in force during the lifetime of the insured* for two (2) years from its date, except for non-payment of premiums, and which provisions may, at the option of the company, contain an exception for violation of the conditions of the policy relating to naval and military service in time of war.

Act of June 22, 1963, 58th Leg., R.S., ch. 498, 1963 Tex. Gen. Laws 1307 (emphasis added).

[5] Article 3.44 appears to have been the operative provision when United of Omaha issued Sierra her policy on March 26, 2001, since the recodification was not passed until May 22, 2001, and was not effective until June 1, 2003.  Acts 2001, 77th Leg., R.S., ch. 1419, 2001 Tex. Gen. Laws 4209.  Since the recodification was not substantive, and the focus of this appeal has been on Article 3.44's current codification at § 1101.006, we will refer to § 1101.006 as the relevant provision of the Insurance Code.

No. 12-51295

The regulation at issue is § 3.104(a) of Texas Administrative Code, Title 28, which provides:

> The policy must provide that it shall be incontestable not later than two years from its date as provided in the Insurance Code, Article 3.44(3). If a reinstatement is contested for misrepresentation, no representation other than one causing the reinstatement may be used to contest the policy, any contest of the reinstatement may be for a material and fraudulent misrepresentation only and reinstatement may not be contested more than two years after it is effectuated; provided, this provision does not affect the company's right to contest a policy for a representation respecting the initial policy issuance or a different reinstatement during the incontestable period applicable to such issuance or reinstatement. Accidental death benefits and disability benefits need not be subject to such provision.

28 Tex. Admin. Code § 3.104(a). The regulation was adopted in 1976 and amended in 1982. *Id.* The parties' arguments turn on the reference to Article 3.44(3) in the first sentence, and the absence of the "lifetime of the insured" language.

## 2. Analysis

The language of the two sections and the caselaw lead us to our conclusion that § 1101.006 applies to policy reinstatements, that the sections are consistent with one another, and that § 3.104 applies subject to § 1101.006's provisions. In performing our analysis of the sections, "we begin with the words of the statute, keeping in mind that 'the meaning of statutory language, plain or not, depends on context.'" *In re Cortez*, 457 F.3d 448, 454 (5th Cir. 2006) (quoting *Brown v. Gardner*, 513 U.S. 115, 118 (1994)). We are guided by the principle that "when interpreting a statute, it is necessary to give meaning to all its words and to

8

No. 12-51295

render none superfluous." *United States v. Rayo–Valdez*, 302 F.3d 314, 318 (5th Cir. 2002).

Section 1101.006 provides for the application of incontestability provisions in life insurance contracts. The fact that it does not expressly address policy reinstatements is not enough for us to conclude, as Cardenas urges, that the section therefore does not apply to reinstatements. Furthermore, § 3.104 provides persuasive authority for finding that § 1101.006 applies to reinstatements, and that § 3.104(a) applies subject to § 1101.006's provisions.

In its opening sentence, § 3.104(a) provides that a life insurance "policy must provide that it shall be incontestable not later than two years from its date *as provided in the Insurance Code, Article 3.44(3).*" 28 Tex. Admin. Code § 3.104(a) (emphasis added). As noted, § 1101.006 and its predecessor, Article 3.44(3), provide that policies only become incontestable after being in force for two years "during the lifetime of the insured." Section 3.104(a)'s express reference to Article 3.44(3) suggests that § 3.104(a) is subject to § 1101.006.

We find unpersuasive Cardenas's argument that the first sentence of § 3.104(a) serves "efficacy purposes" only—by removing the need to amend the regulation—and plays no role in interpreting the remainder of the section. Such a reading divorces the first sentence from the next two, and deprives the sentence of any meaning, rendering it superfluous.[6] *See In re Cortez*, 457 F.3d at 454. Cardenas's proposed reading also requires that we interpret the first

---

[6] Additionally, the Department appears to have added the phrase, "as provided in the Insurance Code, Article 3.44(3)," in its 1982 amendment of § 3.104(a), thereby clarifying that § 3.104(a) was to be applied subject to Article 3.44(3). 28 Tex. Admin. Code § 3.104, 7 Tex. Reg. 1146 (March 19, 1982). As noted *infra*, the Department made other changes in its 1982 amendment likewise suggesting that § 3.104(a) is to be applied subject to § 1101.006.

sentence as applying to policy issuances only and the next two sentences as applying to policy reinstatements, an interpretation that finds no support in the text.

The other subsections of § 3.104 likewise point towards the conclusion that § 3.104(a) is subject to § 1101.006's "lifetime of the insured" language. Section 3.104(b) provides:

> Any provision which could lengthen the contestable period of a policy beyond two years from its date is prohibited. For example, the policy may not state that it is incontestable after two years "while the policy is continuously in force."

28 Tex. Admin. Code § 3.104(b). Interpreting § 3.104(b) without reference to § 1101.006 would put § 3.104(b) into direct conflict with the statute. According to § 1101.006, if an insured dies during the contestability period, then the period does not close after two years, but continues indefinitely; the policy never becomes incontestable. Thus, § 1101.006's "lifetime of insured" language is a "provision which could lengthen the contestable period of a policy beyond two years . . . ," per § 3.104(b). Interpreting § 3.104(b) without reference to § 1101.006, however, would prevent policies from including the "lifetime of the insured" provision, as required by § 1101.006. Such a result runs counter to both the Department's duties, *see* Tex. Ins. Code Ann. § 31.002 ("[T]he department shall . . . ensure that this code and other laws regarding insurance and insurance companies are executed . . . ."), and to § 1101.006's position as an enacted statute, *see generally State v. Pub. Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied). Therefore, subsection (b) must be read to prohibit any policy provision extending the contestable period of a policy *other than* a "lifetime of the insured" provision. The fact that the only valid reading

No. 12-51295

of § 3.104(b) is subject to the "lifetime of the insured" language—which is absent from the subsection—lends support to understanding § 3.104(a) to include this provision, as well.[7]

The text of §§ 3.104(c) and 3.104(d) also demonstrates § 3.104's deference to § 1101.006. Section 3.104(c) merely restates the requirements of §§ 1101.006(a) and 1101.006(b). *Compare* 28 Tex. Admin. Code § 3.104(c), *with* Tex. Ins. Code Ann. §§ 1101.006(a) & (b). Section 3.104(d) anticipates policies, like the one at issue, in which an insurer fails to include a provision about a post-reinstatement contestability period: "If the form under review contains no reference to contest after reinstatement, it will also be acceptable."[8] 28 Tex. Admin. Code § 3.104(d). By stating that the Department will nonetheless accept policies that do not reference "contest after reinstatement," this subsection makes clear that policies generally contain such provisions, and thus become contestable following a reinstatement. The subsection may also suggest that the Department will understand all policies to contain such provisions, since it will accept even those that do not.

---

[7] The 1976 version of § 3.104(b) appears to have provided that a policy "cannot state that it is incontestable after two years 'during the lifetime of the insured' or after two years 'while the policy is in force.'" 28 Tex. Admin. Code § 3.104 (1976), *as reflected in* 7 Tex. Reg. 1146 (March 19, 1982), *amended by* 28 Tex. Admin. Code § 3.104 (1982), 7 Tex. Reg. 3245 (Sept. 7, 1982). The Department removed the "during the lifetime of the insured" prohibition in 1982, perhaps realizing belatedly that the provision conflicted directly with § 1101.006's predecessor. *Compare* 7 Tex. Reg. 1146, *with* 7 Tex. Reg. 3245. This adds additional support for considering § 3.104(b) to be consistent with, and subject to, § 1101.006.

[8] The Texas Insurance Code provides that an insurer cannot use certain insurance documents, including life insurance policies, contracts, and applications, until it has filed "the form of the document" with the Department. Tex. Ins. Code Ann. § 1701.051(a) (West 2005) ("Except as provided by Section 1701.005, an insurer may not use a document described by Section 1701.002 in this state unless the form of the document is filed with the department in accordance with this chapter.").

11

No. 12-51295

As becomes clear when considering § 3.104 as a whole, not only is it consistent with § 1101.006, but it must be read in conjunction with § 1101.006. One subsection of § 3.104 is suggestive of including § 1101.006's "lifetime of the insured" language by expressly citing to § 1101.006's predecessor; one subsection must be subject to the "lifetime of the insured" language in order to be valid; one subsection directly tracks the language of § 1101.006; and one subsection suggests applying a contestability period following reinstatement even when the policy does not so provide.

Our conclusion that § 1101.006's "lifetime of the insured" provision applies to a reinstated policy when the policy does not expressly so provide is analogous to Texas courts' application of § 1101.006 to policies that fail to include an incontestability clause at all. *Hatch v. Turner*, 193 S.W.2d 668, 670 (Tex. 1946) (holding, under the predecessor statute to Article 3.44, that "[a]lthough the incontestable clause does not appear in [the insured's] policy, that circumstance is wholly immaterial because the statute makes the clause a part of the policy, whether written therein or not"); *Am. Nat'l Ins. Co. v. Welsh*, 22 S.W.2d 1063, 1064 (Tex. Comm'n App. 1930, judgm't adopted) ("By operation of law, [the predecessor statute's incontestability provisions] are read into and control the terms of every policy issued by a domestic life insurance company . . . ."). Our conclusion is also analogous to § 3.104(d)'s provision that the Department will accept a life insurance policy even if it "contains no reference to contest after reinstatement," suggesting that a policy without a post-reinstatement contestability clause may nonetheless be considered subject to one.

The inclusion of the "lifetime of the insured" language is consistent with the sparse caselaw on policy reinstatements. *State Mut. Life Ins. Co. v.*

12

*Rosenberry*, 213 S.W. 242, 245 (Tex. Comm'n App. 1919, judgm't adopted), is the seminal case holding that a contestability period follows a policy reinstatement.[9] Since both parties agree that a contestability period exists here, we do not find *Rosenberry* instructive beyond supporting our conclusion that a contestability period exists and the general rationale, noted *infra*, that an insurer should be afforded some protection when it has been defrauded. We note that *Rosenberry* pre-dates both § 1101.006's amendment in 1963 and § 3.104's promulgation, and that its reasoning is not helpful in determining whether § 1101.006's "lifetime of the insured" language applies to reinstated policies.

We do not read *Rosenberry* to hold, as United of Omaha urges and the district court found, that there is never an incontestability time limit following a reinstatement. Neither *Rosenberry*'s facts nor its language suggests such an interpretation. Further, *Perry v. Bankers Life & Casualty Co.*, 362 S.W.2d 213, 215 (Tex. Civ. App.—Fort Worth 1962, writ ref'd n.r.e.), casts serious doubt on any such reading. Rather, *Rosenberry* provides that in cases of fraud, an equitable contestability period exists following reinstatement—a fact that was not clear prior to *Rosenberry*, but which § 3.104 now reflects. As is clear from reading § 3.104 in conjunction with § 1101.006, an incontestability time limit following reinstatement *does* exist, and is two years, but only when an insured survives for two years following the reinstatement.

---

[9] In *Rosenberry*, the court reversed in favor of the insurer when the insurer contested a policy reinstatement as fraudulent within one year of the reinstatement, even though the contract at issue did not provide for a contestability period after reinstatement. 213 S.W. at 245. The court rested its reasoning on the principle that the reinstatement is "a new contract to provide for a waiver by the company of the forfeiture [i.e. the lapse] and a reinstatement of the policy." *Id.* The court held that the insurer "had the right to show that the reinstatement was secured by material fraudulent representation, and that therefore the contract of reinstatement was void, and that the policy was not thereby revived." *Id.*

*Perry* is similarly uninstructive in light of subsequent statutory enactments. In *Perry*, 362 S.W.2d at 213–14, the Texas Court of Civil Appeals reversed in favor of the appellant beneficiary when the policy did not contain a post-reinstatement contestability clause, the insured died nine months after reinstatement, and the insurer failed to contest the reinstatement within two years. Because the legislature amended § 1101.006's predecessor the year after *Perry* was decided to include the "lifetime of the insured" language, *Perry* does not determine the outcome in this case. Given the requirements of § 1101.006 and our reasoning above, any reading of *Perry* to require a strict two-year contestability period, ending without regard to the insured's survival during that period, is foreclosed.

We decline to read § 3.104(a), as Cardenas urges, as codifying *Rosenberry, Perry*, and "the common law reasoning that the incontestability provision [in § 1101.006] does not apply to contracts for reinstatement of a policy." The framework provided by § 1101.006 and § 3.104(a) makes clear that § 1101.006's incontestability provisions apply to reinstatements. Additionally, neither *Rosenberry* nor *Perry* stands for Cardenas's proposition. The courts in both cases concluded that contestability periods existed following reinstatement, even when the policies did not expressly so provide, and neither case dealt with § 1101.006's application to reinstatements or to § 3.104(a).

We find it logical to conclude that § 1101.006 treats policy issuances and policy reinstatements in a uniform manner, when neither § 1101.006 nor § 3.104(a) provides any reason to treat issuances and reinstatements differently. This conclusion also appears to conform with the majority rule. *See* 8 Appleman on Insurance Law and Practice § 83.09 (Matthew Bender ed., 2013) ("The vast

majority of jurisdictions hold that where a policy of life insurance is reinstated as a result of misrepresentations, the contestable period begins to run anew."); 17 Couch on Insurance § 240:25 (3d ed.) ("In the absence of anything either in the policy or the reinstatement to require a different construction, the incontestable clause is renewed on reinstatement of the policy, and applies to the reinstatement as to both parties in the same manner and to the same extent as it applied to the original policy.").

Finally, this result is not inconsistent with the rationale behind incontestability clauses. *See Fields v. Universal Life & Accident Ins. Co.*, 424 S.W.2d 704, 707 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ dism'd w.o.j.); 29 Appleman § 178.03[A]. We find unpersuasive any argument that the legislature intended to protect beneficiaries, to the detriment of insurers, where the insured committed fraud and failed to satisfy the requirements of § 1101.006.

Our interpretation of § 3.104(a) does not strip the section of meaning. Rather, § 3.104(a) retains its vitality. During the two-year contestability period following reinstatement, if an insurer challenges the reinstatement for misrepresentation, § 3.104(a) requires that "no representation other than one causing the reinstatement may be used to contest the policy, [and] any contest of the reinstatement may be for a material and fraudulent misrepresentation only . . . ." 28 Tex. Admin. Code § 3.104(a).

In sum, though our interpretation of the relationship between § 1101.006 and § 3.104(a) differs from that of the district court, we conclude that the district court properly denied Cardenas's motion for judgment as a matter of law on this issue.

No. 12-51295

## B. Expansion of the Contract Terms

"[W]e review a district court's interpretation of an insurance policy de novo." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1319 (5th Cir. 1994) (citing *Harbor Ins. Co. v. Urban Constr. Co.*, 990 F.2d 195, 199 (5th Cir. 1993)). Cardenas argues that the district court misinterpreted the contract for the insurance policy and expanded its terms. Cardenas observes that the contract provided for a contestability period following issuance, as required by § 1101.006, but did not provide for a contestability period following reinstatement. The reinstatement application similarly did not say anything about a post-reinstatement contestability period. As a result, Cardenas contends, the district court erred by reading into the contract a contestability period following reinstatement.

We disagree. Our conclusion that § 1101.006's "lifetime of the insured" language applies to the contract at issue is consistent with § 3.104(a), as well as with caselaw applying § 1101.006's predecessor to contracts that fail to provide for a contestability period following issuance. Thus, we conclude that the district court properly denied Cardenas's motion for judgment as a matter of law.

## III.  CONCLUSION

For the aforementioned reasons, the district court's judgment is AFFIRMED.[10]

---

[10] Because we find that Cardenas does not prevail in her appeal, we do not reach the issue raised in United of Omaha's conditional cross-appeal of whether the statute of limitations bars Cardenas's claim for statutory penalties.