**Reversed and Remanded and Opinion filed January 23, 2014.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-13-00050-CV**

**MUTUAL OF OMAHA LIFE INSURANCE COMPANY, Appellant**

**V.**

**JOHNNY COSTELLO, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Court Cause No. B-173189**

**O P I N I O N**

United of Omaha Life Insurance Company appeals from a summary judgment in favor of Johnny Costello on his breach of contract claim seeking benefits under a life insurance policy.[1]  We reverse the trial court's order granting summary judgment and remand for proceedings consistent with this opinion.

---

[1] Although the final judgment signed by the trial court refers to appellant as Mutual of Omaha Life Insurance Company, appellant's and appellee's briefs, the second and third amended petitions, and the notice of appeal refer to United of Omaha Life Insurance Company.

**BACKGROUND**

Fatima Costello applied for life insurance with the help of underwriter Keith Sexton. After she paid the premium, United of Omaha issued a $500,000 life insurance policy to Fatima Costello with an effective date of October 1, 2002. The policy contained an incontestability provision, which stated: "We will not contest the validity of this policy after it has been in force during the lifetime of the Insured for two years from the date of issue."

Fatima Costello died from a heart attack on July 2, 2003. This date fell within the two-year contestability period set forth in the policy. United of Omaha sent a letter to Sexton on July 15, 2003, acknowledging a claim being made on Fatima Costello's insurance policy by her husband Johnny Costello and requesting additional information to evaluate the claim. After investigating and concluding that Fatima Costello had misrepresented her health history in her insurance application, United of Omaha denied the claim and rescinded the policy on November 10, 2003. United of Omaha concluded that Fatima Costello had failed to disclose that she had been taking medication for hypertension and elevated lipids; had multiple abnormal pulmonary tests; and had a history of chronic obstructive pulmonary disease.

Johnny Costello, individually and as Fatima Costello's surviving spouse, sued United of Omaha on September 3, 2004, to recover the policy proceeds. United of Omaha filed a general denial on October 29, 2004 and an amended answer on November 8, 2006. In the amended answer, United of Omaha asserted for the first time that the policy is not enforceable based on affirmative defenses of fraud and misrepresentation.

On April 26, 2010, Costello filed a motion for traditional summary judgment asserting two grounds. First, Costello argued that United of Omaha waived its affirmative defenses to enforcement of the policy by failing to contest the validity of the

policy within two years of the date the policy was issued. Specifically, Costello asserted that United of Omaha was required to institute a court proceeding contesting the policy's validity or to file a defense to a pending action no later than October 1, 2004 — the second anniversary of the policy's issuance. Costello argued that United of Omaha did not contest the policy's validity until it asserted its affirmative defenses in the amended answer filed on November 8, 2006. Second, Costello claimed that all conditions precedent to his recovery under the policy had been fulfilled and, as a matter of law, he was entitled to judgment on his contract claim awarding him all proceeds due under the policy. United of Omaha responded that the policy remained contestable because Fatima Costello died before the policy's second anniversary.

The trial court signed an order granting Costello's motion for partial summary judgment in his favor on his breach of contract claim; the trial court signed a separate order barring all of United of Omaha's affirmative defenses. The trial court signed a final judgment awarding Costello policy proceeds, pre- and post judgment interest, damages under Article 21.55[2], attorney's fees, and costs.[3] This appeal followed.

## ANALYSIS

In two issues on appeal, United of Omaha argues that the trial court erred in granting summary judgment. First, United of Omaha asserts that the trial court erred in prohibiting United of Omaha from establishing that it properly rescinded the policy based on the incontestability provision. Second, United of Omaha claims that the policy

---

[2] *See* Act of May 27, 1991, 72d Leg. R.S., ch. 242 § 11.03, art. 21.55, 119 Tex. Gen. Laws 939, 1043-45 (repealed and recodified by Act of May 22, 2003, 78th Leg., R.S., ch. 1274, §26(a)(1), 2003 Tex. Gen. Laws 3611, 4138 (current version at Tex. Ins. Code Ann. §§ 542.051-.061 (Vernon 2009)).

[3] The judgment is final and appealable under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Costello asserted claims against United of Omaha for breach of contract and extra-contractual liability, and against Sexton for negligence. The trial court signed an order severing the claim against Sexton on July 26, 2012. The trial court signed a subsequent order severing the extra-contractual liability claims against United of Omaha on December 19, 2012.

3

was not incontestable, and that United of Omaha's investigation and rescission of the policy did not waive United of Omaha's defenses.

## I.     Standard of Review

The trial court granted Costello's traditional motion for summary judgment under Texas Rule of Civil Procedure 166(a).  We review a trial court's grant of summary judgment *de novo*.  *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 645 (Tex. 2013).  The party moving for traditional summary judgment bears the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## II.     Incontestability Provision

The operative policy language says that United of Omaha will not contest the validity of Fatima Costello's life insurance policy "after it has been in force during the lifetime of the Insured for two years from the date of issue."  This appeal focuses on whether the insured must survive the two-year contestability period in order for an insurance policy to become incontestable.

Costello asserts that United of Omaha was required to institute a court proceeding or file a defense asserting a basis for recission before the policy became incontestable on October 1, 2004.  United of Omaha did not assert fraud or misrepresentation as a basis for recission until it filed its amended answer on November 8, 2006.  Thus, Costello argues that United of Omaha no longer can contest the policy's validity.  United of Omaha argues that it still can contest the policy's validity because Fatima Costello died during the contestability period.

Our resolution of this issue depends on our interpretation of one statute and one regulation.  *See* Tex. Ins. Code Ann. §1101.006 (Vernon 2009); 28 Tex. Admin. Code §

4

3.104(a) (1982) (Tex. Dep't of Ins., Incontestable Clause). Our interpretation of these provisions is consistent with the policy language.

Section 1101.006 of the Texas Insurance Code addresses incontestability provisions in life insurance policies. *See* Tex. Ins. Code Ann. §1101.006. It originally was codified in 1951 as Texas Insurance Code Article 3.44(3), which provided that a life insurance policy "shall be incontestable not later than two years from its date, except for non-payment of premiums." *See* Act of June 28, 1951, 52d Leg., R.S., ch. 491, 1951 Tex. Gen. Laws 903. Article 3.44(3) was amended in 1963 to include the phrase "during the lifetime of the insured."[4] *See* Act of June 22, 1963, 58th Leg., R.S., ch. 498, 1963 Tex. Gen. Laws 1307. It was recodified without substantive changes as section 1101.006 in 2001 and became effective on June 1, 2003.[5] *See* Tex. Ins. Code Ann. § 1101.006. Section 1101.006 states that "a life insurance policy must provide that a policy in force for two years from its date of issue during the lifetime of the insured is incontestable, except for nonpayment of premiums." *Id.*

Section 3.104(a) of Title 28 of the Texas Administrative Code was adopted in 1976 and amended in 1982. The relevant portion provides:

> The policy must provide that it shall be incontestable not later than two years from its date as provided in the Insurance Code, Article 3.44(3) . . . . Any provision which could lengthen the contestable period of a policy beyond two years from its date is prohibited. For example, the policy may

---

[4] Article 3.44(3) provided:

. . . . [t]hat the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable after it has been in force during the lifetime of the insured for two (2) years from its date, except for non-payment of premiums, and which provisions may, at the option of the company, contain an exception for violation of the conditions of the policy relating to naval and military service in time of war.

Act of June 22, 1963, 58th Leg., R.S., ch. 498, 1963 Tex. Gen. Laws 1307.

[5] Article 3.44 was the operative provision when United of Omaha issued the policy to Fatima Costello effective October 1, 2002. Because the changes to Article 3.44 were not substantive, we will refer to section 1101.006 as the relevant provision of the Insurance Code.

5

not state that it is incontestable after two years 'while the policy is continuously in force.'

28 Tex. Admin. Code § 3.104(a) & (b).

United of Omaha and Costello agree that pre-1963 Texas law required an insurer to contest the policy's validity within two years of issuance, regardless of whether the insured survived the two-year contestability period.

United of Omaha argues that the Legislature's 1963 addition of the phrase "during the lifetime of the insured" had the effect of requiring a policy to be in force for two years "during the lifetime of the insured" in order to become incontestable. Further, United of Omaha contends that section 3.104's specific mention of 1101.006 means that section 3.104 is subject to section 1101.006's "lifetime of the insured" language.

Costello contends that the addition of the phrase "during the lifetime of the insured" did not change Texas law. Costello contends that sections 1101.006 and 3.104 render a policy incontestable after two years, regardless of whether the insured survives the two-year contestability period.

In general, we interpret administrative rules under traditional principles of statutory construction. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 at 438 (Tex. 2011). Unless the rule is ambiguous, the court should follow the rule's clear language. *Levandovsky v. Targa Res. Inc.*, 375 S.W.3d 593, 597 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rodriguez v. Ser. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999)). In construing an administrative rule, the primary objective is to give effect to the agency's intent. *Id.* To discern intent, we begin with the plain language of the rule. *Id.*

In construing a statute, our objective is to determine and give effect to legislative intent. *See Zanchi v. Lane*, 408 S.W.3d 373, 382 (Tex. 2013); *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If the meaning of statutory language is

unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *City of Houston v. Bates*, 406 S.W.3d 539, 552 (Tex. 2013); *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced construction; instead, we must yield to the plain sense of the words the legislature chose. *St. Luke's Episcopal Hosp.*, 952 S.W.2s at 505; *Dohalick v. Moody Nat'l Bank*, 375 S.W.3d 537, 541 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Additionally, we must not interpret a statute in a manner that renders any part of it meaningless or superfluous. *In re Lee*, 411 S.W.3d 445, 479 (Tex. 2013) (orig. proceeding).

According to section 1101.006's plain language, a policy must be in force for two years "during the lifetime of the insured" to become incontestable. Tex. Ins. Code Ann. § 1101.006(a). This language means that an insured must survive the two-year contestability period in order for a policy to become incontestable. *See Cardenas v. United of Omaha Life Ins. Co.*, 731 F.3d 496, 502 (5th Cir. 2013).

*Cardenas* confirms that the death of an insured during the contestability period bars a policy from becoming incontestable under Texas law. *Id.* In *Cardenas*, the policy lapsed for nonpayment of premiums and subsequently was reinstated on January 3, 2006. *Id.* at 498. The insured died on February 20, 2007. *Id.* The beneficiary filed a claim for benefits on March 26, 2007. *Id.* The insured denied the claim on May 14, 2007, and notified the beneficiary nine days later that it was rescinding the policy due to misrepresentations made in the application. *Id.*

The beneficiary filed suit in federal district court. *Id.* at 498. The case went to trial, and the jury returned a verdict in favor of United of Omaha. *Id.* After considering the policy language, section 1101.006, and section 3.104, the Fifth Circuit concluded that "if an insured dies during the contestability period, then the period does not close after two years, but continues indefinitely; the policy never becomes incontestable." *Id.*

7

at 502.

Here, as in *Cardenas,* United of Omaha was not foreclosed from challenging the policy's validity because Fatima Costello died during the contestability period; the policy was issued on October 1, 2002, and she died on July 2, 2003.[6] Because the policy was not incontestable, the trial court erred in barring United of Omaha's affirmative defenses and in granting summary judgment in favor of Costello on his breach of contract claim.[7]

Costello asserts that this application of section 1101.006 conflicts with section 3.104 because the latter provision establishes an absolute two-year deadline for contesting a policy unless the insured fails to pay premiums.

We reject Costello's argument because it disregards section 3.104(a)'s express reference to section 1101.006's predecessor, article 3.44(3). The first sentence of section 3.104(a) states that a life insurance policy "must provide that it shall be incontestable not later than two years from its date as provided in the Insurance Code, Article 3.44(3)." 28 Tex. Admin. Code § 3.104(a). Article 3.44(3) was recodified without substantive changes as section 1101.006. Therefore, § 3.104(a)'s directive is subject to section 1101.006's "during the lifetime of the insured" language. *See Cardenas*, 731 F.3d at 502 ("As becomes clear when considering § 3.104 as a whole, not only is it consistent with § 1101.006, but it must be read in conjunction with § 1101.006."). When section 1101.006 is read in conjunction with section 3.104, the

---

[6] In order to resolve this case, we need not and do not decide whether the incontestability period continued indefinitely.

[7] Costello alternatively argues that even if the policy is found to be contestable, United of Omaha is estopped from asserting its affirmative defenses because it failed to present its contest to the policy within any reasonable time frame. We do not address this estoppel argument because it was not presented to the trial court. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.— Houston [14th Dist.] 2011, no pet.) (On appeal from summary judgment, the only issues an appellate court may review are those the movant actually presented to the trial court.)

8

governing language prohibits policy provisions extending the contestable period of a policy other than provisions consistent with section 1101.006.

Costello cites *American National Insurance Co. v. Welsh*, 22 S.W.2d 1063 (Tex. Comm'n App. 1930), to support his assertion that inclusion of a "lifetime of the insured" provision does not require an insured to survive the contestability period. *Welsh* does not control here because it was decided before article 3.44(3) was amended in 1963 to include the phrase "during the lifetime of the insured."[8]

## CONCLUSION

Having found the trial court erred in precluding United of Omaha from asserting its affirmative defenses and in granting summary judgment on Johnny Costello's breach of contract claim, we do not address United of Omaha's remaining issues. We reverse the trial court's summary judgment orders and remand this case for proceedings consistent with this opinion.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, Christopher, and Brown.

---

[8] Costello also cites *Perry v. Bankers Life & Cas. Co.*, 362 S.W.2d 213 (Tex. Civ. App.—Fort Worth 1962, writ ref'd n.r.e.), and *Universal Life & Accident Ins. Co. v. Murphy*, 368 S.W.2d 878 (Tex. Civ. App.—Fort Worth 1963, no writ). These cases are similarly distinguishable because they concern life insurance policies that were issued before 1963.